CARMINE J. BISOGNO *v.* CONNECTICUT STATE BOARD OF LABOR RELATIONS

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 4—decided October 31, 1961

*Raymond C. Lyddy,* with whom were *M. Lewis Chaplowe* and, on the brief, *Isadore Chaplowe,* for the appellant (plaintiff).

*Alphonse C. Jachimczyk,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

KING, J.   The Superior Court affirmed the decision of the state board of labor relations rendered in a consolidated proceeding.   In case No. E-1015, the board certified the Cleaners, Dyers and Laundry Workers Union, Local 364, Amalgamated Clothing Workers of America, A.F.L.–C.I.O., as the exclusive collective bargaining representative of the employees in the plaintiff's dry cleaning establishment. In case No. U-1016, on a charge filed by the union,

the board found that the plaintiff's discharge, on May 29, 1959, of Leonard W. Dyer, an employee, was motivated by antiunion bias and therefore constituted an unfair labor practice in violation of subsections (4) and (5) of § 31-105 of the General Statutes. The board ordered appropriate affirmative relief, including the reinstatement of Dyer and his reimbursement for any loss of earnings directly resulting from the discharge.

The plaintiff's appeal to this court attacks only the proceedings in the second case, No. U-1016. The sole question is whether the board could legally have found, from the evidence before it, that the plaintiff discharged Dyer because of antiunion bias. If this finding stands, the conclusion that the discharge constituted an unfair labor practice is unassailable. The Connecticut "Labor Relations Act does not interfere with the normal exercise of an employer's right to discharge his employees. The discharge, however, must not amount to a subterfuge to circumvent the provisions of the act." *L. Suzio Construction Co.* v. *Connecticut State Board of Labor Relations,* 148 Conn. 135, 144, 168 A.2d 553, and cases cited therein.

The discharge took place at the close of business on the last day of the working week, which was a Friday because the following day, May 30, was a holiday. There seems to have been no question as to Dyer's competency as a workman. But, of course, the mere fact of the discharge, in and of itself, warrants no inference that it was improperly motivated. *National Labor Relations Board* v. *McGahey,* 233 F.2d 406, 413 (5th Cir.). The board can find that a person has committed an illegal act in violation of the statute only when an affirmative finding to that effect is supported by "substantial

evidence." General Statutes § 31-109 (b). In a number of cases, we have considered the phrase "substantial evidence" and have explained its meaning, most recently in *L. Suzio Construction Co.* v. *Connecticut State Board of Labor Relations*, supra, 138.

That the board disbelieved the plaintiff's testimony as to the reasons why he discharged Dyer would furnish no support for a contrary finding, that is, an affirmative finding of other particular reasons. *Panicali* v. *Connecticut State Board of Labor Relations,* 147 Conn. 344, 348, 160 A.2d 903. Although it is not entirely clear from the record, the board seems to have credited, at least in the main, the evidence as to four incidents in which the plaintiff claimed to have had some friction with Dyer. These incidents would have justified Dyer's discharge; nevertheless the board disbelieved the plaintiff's claim that their cumulative effect was in fact the motivation of the discharge. The first of the incidents occurred about six months before the discharge, the second and third within the month prior to the discharge, and the fourth two or three days before the discharge.

The board had to determine the plaintiff's state of mind, and in this case, as in many others involving such an inquiry, circumstantial evidence was the only evidence available. See *Hennessey* v. *Hennessey,* 145 Conn. 211, 215, 140 A.2d 473, and cases cited therein. The plaintiff correctly claims that the board could not, in reason, reach the conclusion it did unless at the time of the discharge the plaintiff at least knew of the existence of some union activities concerning his establishment and that Dyer had some connection with them. *National Labor Relations Board* v. *Redwing Carriers, Inc.,*

284 F.2d 397, 402 (5th Cir.). While Dyer had, for two and a half months, been interested in organizing the plant, there were less than a dozen employees and the organizing work had been carried on by personal solicitation, largely by Dyer. Thus, there was little or no basis for the usual inference that an employer would know of attempts to organize his establishment or would know which employees were actively participating in that endeavor. This the board seems to have recognized.

The board made no finding of subordinate facts. Consequently, except for certain statements of the board as to its failure to credit some items of testimony, we are left to speculate as to what evidence it credited. Its so-called "Findings of Fact" merely set forth ultimate conclusions of fact and in essence add little to its "Conclusions of Law." The board stated that "[w]hen it became apparent to the . . . [plaintiff] that Dyer was advocating a Union, he discharged him on the same day." The difficulty is that there is no proper basis for an inference that the plaintiff, prior to the discharge, even knew about the activities of the union or about Dyer's connection with them. Without such a basis, the board's conclusion as to the motivation could only have rested on the erroneous proposition that, since the plaintiff's statements as to his motivation were untrue, and there was an absence of any other apparent motivation, it must have been antiunion bias. A careful consideration of the entire record discloses no affirmative substantial evidence of antiunion bias as a motivating factor in Dyer's discharge. There was some ground for a suspicion that the plaintiff had in some way learned about the union and for this reason discharged Dyer. In fact, this suspicion may have had a factual basis. But sus-

picion is not enough, and we can find nothing more. See *L. Suzio Construction Co.* v. *Connecticut State Board of Labor Relations,* 148 Conn. 135, 138, 168 A.2d 553; *National Labor Relations Board* v. *P. R. Mallory & Co.,* 237 F.2d 437, 444 (7th Cir.). It follows that the portion of the judgment which was attacked in this appeal cannot stand.

There is error as to case No. U-1016, the judgment is set aside as to that case only, and the Superior Court is directed to sustain the appeal as to that case.

In this opinion the other judges concurred.