In the Matter of the Application for the DISCIPLINE OF David E. HENKE, an Attorney at Law of the State of Minnesota.

No. C8–86–1846.

Supreme Court of Minnesota.

Feb. 6, 1987.

## ORDER

On September 17, 1986, the Director of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent. Respondent admitted service of the petition but failed to interpose an answer. On December 3, 1986, this court issued its order declaring that the allegations of the September 17, 1986, petition are deemed admitted, pursuant to Rule 13(c), Minnesota Rules on Lawyers Professional Responsibility (RLPR).

■ Respondent had been placed on restricted status by order dated January 29, 1980 for failure to comply with continuing legal education (CLE) requirements. An attorney on restricted status is authorized only to represent certain persons related by blood or marriage. Rule 3, Rules for Continuing Legal Education. While on restricted status, respondent represented at least four clients, none of whom were related by blood or marriage. Two of these four cases were marital dissolutions, while the other two involved driving while intoxicated (DWI) charges. In each case, respondent accepted retainer fees and failed to disclose that he was on restricted status. Respondent appeared in court several times on behalf of the marital dissolution clients. The foregoing conduct occurring before 1985 violated DR 1–102(A)(4), (5) and (6), and DR 3–101(B), Minnesota Code of Professional Responsibility (MCPR), and the conduct occurring after 1985 violated Rules 1.16(a)(1), 5.5(a) and 8.4(c) and (d), Minnesota Rules of Professional Conduct (MRPC).

■ Respondent also neglected cases and failed to communicate with his clients. In one case, respondent agreed to represent a client on a DWI charge. The evening before the client's arraignment, respondent told the client he would be unable to appear in court the next day. The client's repeated attempts to contact respondent were unsuccessful. Respondent also refused to return the client's retainer. Respondent engaged in similar behavior in representing a second client on a DWI charge. In that case, respondent also failed to appear at the client's trial, as promised. The foregoing conduct violated Rules 1.1, 1.3, 1.4(a) and (b), 1.16(d), MRPC.

■ Respondent also neglected two marital dissolution cases. Respondent failed to respond to interrogatories in a timely way, failed to forward a court order to a client as requested, and failed to prepare a stipulation for dissolution as requested. Respondent also failed to communicate with these clients. In one instance, respondent failed to return a client's phone calls from February 1985 to December 1985. In addition, he failed to return the retainer fees accepted from the clients and failed to return one client's file. The foregoing conduct occurring before 1985 violated DR 6–101(A)(3) and DR 7–101(A)(2), MCPR, and the conduct occurring after 1985 violated Rules 1.1, 1.3, 1.4(a) and (b), and 1.16(d), MRPC.

■ Respondent was notified by mail of the charges of unprofessional conduct against him, and of a prehearing meeting concerning the charges. Respondent failed to appear at the prehearing meeting. His failure to cooperate in disciplinary proceedings violated Rule 8.1(a)(3), MRPC, Rule 25, RLPR, and the holding of this court in *In re Cartwright*, 282 N.W.2d 548 (Minn. 1979).

■ The court, having examined the petition herein and having considered the matters deemed admitted by the respondent,

IT IS HEREBY ORDERED:

Respondent is indefinitely suspended from the practice of law. Respondent may petition for reinstatement pursuant to Rule 18, RLPR, whenever he can demonstrate the following by clear and convincing evidence:

(a) That he has successfully completed the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility;

(b) That he has completed the necessary continuing legal education courses;

(c) That he has made restitution of the retainer fees received from those clients named in the petition for disciplinary action while respondent was on restricted status;

Respondent shall pay to the office of the Director of Lawyers Professional Responsibility the sum of $500 in costs pursuant to Rule 24(a), RLPR.