Appeal of ADMONITION REGARDING
A.M.E., an Attorney at Law of the
State of Minnesota.

No. C7–95–162.

Supreme Court of Minnesota.

July 7, 1995.

R. James Jensen, Jr., St. Paul, for petitioner.

Marcia Johnson, Director Lawyers Professional Responsibility Bd., Candice Mae Hojan, Sr. Asst. Director, St. Paul, for respondent.

## OPINION

PER CURIAM.

A panel of the Lawyers Professional Responsibility Board (LPRB) unanimously affirmed the admonition issued by the Director of the Office of Lawyers Professional Responsibility to A.M.E. for violations of Rules 4.4 and 8.4(d), Minn.R.Prof.Conduct (MRPC). We affirm the admonition only as it relates to the violation of Rule 8.4(d).

A.M.E. was admitted to the practice of law in Minnesota on May 15, 1985, and currently practices in St. Paul. On July 15, 1994, the buyer in a real estate transaction filed an ethics complaint against A.M.E., alleging that A.M.E. had acted as the seller's agent in the transaction. The buyer further alleged that A.M.E. failed to pay an outstanding water bill notwithstanding his verbal assurances that he would pay the bill after the closing of the transaction. On the ground that the complaint referred to conduct outside the practice of law, it was dismissed without further investigation on July 25, 1994.

On the following day, A.M.E. called the buyer at work and had the following conversation:

Respondent: Did you really file a complaint against me?

Complainant: Who is this?

Respondent: This is [A.M.E.].

Complainant: Did you pay the water bill?

Respondent: F--k you! You son of a b--ch! (etc.).

The buyer hung up the phone. Several minutes later, the buyer received over his facsimile machine from A.M.E. a copy of the July 25 dismissal on which A.M.E. had written, "[Buyer]—you are a *major* loser."

Adding a complaint based on this conduct, on July 29, 1994, the buyer appealed the dismissal of his original complaint. The Director reopened the complaint and investigated A.M.E.'s conduct with regard only to the new allegations. On November 10, 1994, having concluded that his conduct violated Rules 4.4 and 8.4(d), MRPC, the Director issued an admonition to A.M.E. Pursuant to Rule 8(d)(2)(iii), Rules on Lawyers Professional Responsibility (RLPR), A.M.E. requested a hearing before a panel of the LPRB. A prehearing meeting was scheduled for December 14, 1994, but A.M.E. notified the Director's office by letter that he could not attend the meeting and advised that the prehearing meeting need not be rescheduled unless the Director herself would personally attend the meeting.

The matter was heard by a panel of the LPRB and on January 11, 1995, the panel unanimously affirmed the admonition. The facts were not seriously disputed at the hearing and the panel concluded that A.M.E.'s abusive statements served no substantial purpose but to embarrass or burden the buyer and were prejudicial to the administration of justice. Although it recognized a lawyer cannot be disciplined simply because he or she uses abusive language in contexts unrelated to the practice of law, the panel pointed out that use of such language in the practice of law or in contexts related to the administration of justice is subject to disciplinary proceedings and concluded that the relationship to the legal system was sufficient here because A.M.E.'s abusive conduct occurred in response to the filing of an ethics complaint. The panel reasoned that valid complaints might be deterred if attorneys can freely abuse those who avail themselves of the disciplinary system.

A.M.E. then appealed the panel decision, and we accepted the appeal notwithstanding the lack of technical compliance with Rule 9(m), RLPR.

■ An admonition may be issued in any matter " 'with or without a complaint, if the Director concludes that a lawyer's conduct was unprofessional but of an isolated and non-serious nature * * *.' " *In re X.Y.*, 529 N.W.2d 688, 689 n. 1 (Minn.1995) (quoting Rule 8(d)(2), RLPR). The Director issued an admonition to A.M.E. reasoning that his abusive language relating to the ethics complaint violated Rules 4.4 and 8.4(d), MRPC. Rule 4.4 provides:

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of

obtaining evidence that violate the legal rights of such a person.

■■■■ A.M.E. does not deny the facts as set forth above. On the contrary, in his reply brief A.M.E. makes this statement:

Respondent states affirmatively that he made the statements and would make the same response to anyone who attempts to use the Office [of Lawyers Professional Responsibility] to attack Respondent. To the extent that the actions of Respondent were able to "embarrass or burden" the complainant, they achieved their goal.

A.M.E. clearly concedes his behavior had no purpose but to embarrass and burden the buyer. But A.M.E. contends that Rule 4.4 does not apply here because his conduct did not occur in the course of "representing a client." Inasmuch as A.M.E. does not profess to be the seller of the real estate the complainant purchased, it is apparent that A.M.E. appeared in a representative capacity—either as a lawyer representing a client or as the seller's agent. The buyer complained that A.M.E. had failed to perform in accordance with the promises A.M.E. had made in his representative capacity. A.M.E.'s abusive response to the complaint may have been related to A.M.E.'s representation of the seller, but nothing in the record conclusively demonstrates that A.M.E. was, in fact, representing the seller. Accordingly, we decline to affirm the admonition for violation of Rule 4.4, MRPC. Nevertheless, in our view, as in that of the Director and the LPRB panel, A.M.E.'s conduct was prejudicial to the administration of justice and a violation of Rule 8.4(d), MRPC:

It is professional misconduct for a lawyer to:

\* \* \* \* \* \*

(d) engage in conduct that is prejudicial to the administration of justice; \* \* \*.

"Outside the courtroom, the lawyer may, as any other citizen, freely engage in the marketplace of ideas and say all sorts of things, including things that are disagreeable and obnoxious." *In re Williams,* 414 N.W.2d 394, 397 (Minn.1987). However, protection under the First Amendment is not absolute. *In re Graham,* 453 N.W.2d 313, 321 (Minn.

1990). Ethical rules bind attorneys in all that they do, professionally and otherwise, and conduct designed to chill a complainant's right to pursue an ethics complaint and thereby to interfere with the disciplinary process is prejudicial to the administration of justice. *See In re Perry,* 494 N.W.2d 290, 295 n. 2 (Minn.1992); *In re Scallen,* 269 N.W.2d 834, 841 (Minn.1978).

Because we have no doubt A.M.E.'s behavior was intended to intimidate the complainant and constituted interference with the disciplinary process, we conclude that the panel's determination that such conduct violated Rule 8.4(d) was not clearly erroneous. *See In re X.Y.,* 529 N.W.2d at 689–90; *In re Coleman,* 463 N.W.2d 718, 719 (Minn.1990).

■■ We note also that A.M.E.'s failure to attend the prehearing meeting may, in itself, provide a separate basis for discipline. *In re Hoffman,* 379 N.W.2d 514, 518 (Minn.1986); *In re Cartwright,* 282 N.W.2d 548, 551–52 (Minn.1979); Rule 25(b), RLPR. A lawyer under disciplinary investigation has a duty to cooperate with the LPRB and its Director, and the failure to appear at the prehearing meeting may constitute a violation of Rule 8.1(a)(3), MRPC and Rule 25, RLPR. *In re Henke,* 400 N.W.2d 720, 721 (Minn.1987); *see In re McGrath,* 462 N.W.2d 599, 601 (Minn. 1990).

Admonition is appropriate for A.M.E.'s unprofessional behavior in view of its "isolated and non-serious nature." Rule 8(d)(2), RLPR. We therefore affirm the admonition for violation of Rule 8.4(d), MRPC. However, we remind A.M.E. that we are fully aware he has already received a public reprimand from this court. On that occasion we said that we were, and we now emphasize that we continue to be, troubled by A.M.E.'s tendency to shift blame onto others. Although the panel was careful to note that A.M.E.'s previous discipline was not considered in its determination that A.M.E.'s conduct violated Rule 8.4(d), MRPC, the public reprimand may be considered by this court in our determination of the appropriate discipline for subsequent misconduct. *See* Rule 19(b)(3), RLPR.

Admonition for violation of Rule 8.4(d), MRPC, affirmed.