[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13551
The plaintiff Paul J. Yamin, an attorney admitted to the bar of Connecticut, appeals the reprimand issued to him by the defendant statewide grievance committee (committee) arising out of a complaint by Mary Beth Ali. The defendant reprimanded the plaintiff for violating Rule 8.4 (d), which provides that it is professional misconduct to engage in conduct that is prejudicial to the administration of justice. The court finds in favor of the plaintiff.
While this appeal is not governed by the Uniform Administrative Procedures Act, the same principles as to the scope of review apply. Pinsky v. Statewide GrievanceCommittee, 216 Conn. 228, 234-35 (1990). Practice Book § 27N. Subsection (f) of Practice Book § 27N reads as follows:
 Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Thus, the role of this court is limited "to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks and citations omitted.) Weiss v. StatewideGrievance Committee, 227 Conn. 802, 812 (1993).
The following facts are evident from the record and not disputed. On February 21, 1995, Mary Beth Ali filed a grievance complaint against the plaintiff with the committee. On May 19, CT Page 13552 1995, the Waterbury judicial district grievance panel filed a determination finding probable cause that the plaintiff violated Rule 1.15 (c) of the Rules of Professional Conduct. On June 14, 1995, Ali submitted additional information, and on June 30, 1995, the reviewing committee found probable cause that the plaintiff violated Rule 8.4 (d). On July 7, 1995, the reviewing committee found probable cause that the plaintiff had violated Rule 1.15 (b). A hearing was held on July 14, 1995 when the committee considered all three probable cause findings. On January 24, 1996, the committee issued a proposed decision, which both the plaintiff and Ali responded. On February 16, 1996, the committee adopted the proposed decision to reprimand the plaintiff for violating Rule 8.4. While finding no violation of either Rule 1.15 (c) or Rule 1.15 (b), the committee did conclude the following:
 This reviewing committee does find, by clear and convincing evidence, that the Respondent violated Rule 8.4 (d) of the Rules of Professional Conduct by engaging in conduct that is prejudicial to the administration of justice. This reviewing committee finds by clear and convincing evidence that the Respondent prepared the irrevocable assignment of interest and a letter for the Complainant's signature withdrawing the grievance complaint in an attempt to induce the Complainant to stop pursuing her complaint. This reviewing committee does not find credible the Respondent's claims, raised at this hearing, that the documents were solely prepared at his client's request. The Respondent's own testimony indicates that the respondent suggested the preparation of the documents in question, during a conversation with Brian McDonald subsequent to the filing of the grievance complaint. This reviewing committee considered Brian McDonald's testimony regarding this issue, and does not find it credible.
The plaintiff argues on appeal that the record does not support a finding by clear and convincing evidence that he violated Rule 8.4. The standard of proof for determining whether an attorney has violated the Code of Professional Conduct is clear and convincing evidence. Statewide Grievance Committeev. Presnick, 215 Conn. 162, 171-72 (1990). "The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." Weiss v.CT Page 13553Statewide Grievance Committee, 227 Conn. 802, 812 (1993).
 "`[C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution . . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." Dacey v. Connecticut Bar Assn., 170 Conn. 520, 536-37 (1976).
Wildwood Associates. Ltd. v. Esposito,211 Conn. 36, 42 (1989); see also Lopinto v. Haines,185 Conn. 527, 534 (1981). ("The phrase `clear, substantial and convincing evidence' fairly characterizes that degree of belief that lies between the belief that is required to find the truth or existence of the issuable fact in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution.")
The court finds that there is substantial evidence in the record to support the committee's finding that the plaintiff prepared the letter and assignment of interest. It does not find there is substantial evidence in the record to support the committee's finding that the plaintiff by these actions attempted to induce Ali to withdraw her grievance complaint. The committee is entitled to deference on credibility determinations, as long as the record contains sufficient evidence to support its conclusions. Huck v. Inland Wetlands WatercoursesAgency, 203 Conn. 525, 540-41 (1987). Here, the plaintiff testified, the complainant testified and the plaintiff's client testified. Even discounting the plaintiff's client's testimony as the committee did, the only evidence of the plaintiff's role in this was the preparation of the documents.
The issue then is whether the preparation of the letter and assignment of interest by the plaintiff constitutes a violation of Rule 8.4. That rule provides that it is "professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice." There is no evidence in the CT Page 13554 record that the plaintiff approached the complainant Ali personally; the letter and assignment of interest were presented to the complainant by the plaintiff's client. The letter was not signed by the complainant. The letter reads:
May 25, 1995
 Gail S. Kotowski 2300 Boston Post Road Suite 204 P.O. Box 37 Guilford, CT 06437-0037
 Re: Ali vs. Yamin Grievance Complaint #94-0725 Waterbury
Dear Attorney Kotowski:
 I am withdrawing my complaint against Attorney Paul J. Yamin. I do not wish the Grievance Committee to proceed further.
Brian McDonald and I have resolved our differences.
 Brian has explained to me that Attorney Yamin was acting at his request and I am satisfied with the explanation that Brian McDonald has given me.
 No one has made an threats against me in withdrawing my complaint, and I am withdrawing it of my own choice.
Very truly yours,
Mary Beth Ali
 cc: Paul J. Yamin, 3 Second Avenue, Waterbury, CT 06710 Brian McDonald, 37-2 Sharon Road, Waterbury, CT 06705 Michael D'Amico, 560 Chase Ave., P.O. Box 4898, Waterbury, CT
There appears to be no Connecticut case law on this particular application of Rule 8.4 (d). The committee cites two out of state cases in its brief with analogous applications of this rule. People v. Bennett, 810 P.2d 661 (Colo. 1991), involved an attorney who engaged in a business CT Page 13555 transaction with his client. Among three other rule violations, the attorney was found to have violated the counterpart to Rule 8.4 (d) when he sent a settlement document to his client, the complainant, containing the following language:
 WHEREAS, the parties have resolved their differences regarding the sale of the assets of the Perry Financial Services Corporation.
 NOW, THEREFORE, in consideration of the mutual covenants contained herein, it is hereby agreed as follows:
. . . .
 2. That [Perry] will forthwith submitted [sic] a written withdrawal of his complaint filed against [the respondent] with the Colorado Supreme Court Grievance Committee advising them that the matter has been satisfactorily resolved; that [Perry] and [the respondent] were not in an attorney-client relationship; that their disagreement was civil in nature; and [Perry] was not questioning [the respondent's] professional ethics.
The Colorado Supreme Court upheld the Grievance Committee as to this rule violation on the basis that the request required the complainant to "make factual and legal representations to the grievance committee with which [the complainant] did not agree" and because the request was contrary to the findings of the Committee's panel and board. Id., 666. Further, this court notes that the complainant, who was the attorney's client, was approached directly by the attorney. The facts here are distinguishable: the complainant was not the plaintiff's client, the plaintiff had no direct dealing with the complainant, and the underlying grievance complaint was dismissed.
In Appeal of Admonition Regarding A.M.E.,533 N.W.2d 849 (Minn. 1995), the Supreme Court of Minnesota upheld an admonition of an attorney who used abusive language, both verbal and written, towards a complainant, thereby violating Rule 8.4. The court found that the attorney's behavior was intended to intimidate to the complainant so that it constituted interference with the disciplinary process. There was no such verbal or written abuse involved in this case. CT Page 13556
Under the particular facts found by the committee, the court finds that the committee erroneously concluded that the plaintiff had violated Rule 8.4. The court has reviewed the record, including the transcript, and there is not substantial evidence by clear and convincing proof that the plaintiff attempted to induce the complainant to withdraw the complaint. While the committee explicitly did not believe the plaintiff or his client, it could not properly conclude from that disbelief, the opposite of their testimony. Bisogno v. Connecticut State Board ofLabor Relations, 149 Conn. 4, 7 (1961); Panicali v.Connecticut State Board of Labor Relations, 147 Conn. 344,348 (1960). Under the previously discussed Colorado and Minnesota authority cited by the committee, had the plaintiff approached the complainant with the documents he clearly would have violated the rule.
 Ethical rules bind attorneys in all that they do, professionally and otherwise, and conduct designed to chill a complainant's right to pursue an ethics complaint and thereby interfere with the disciplinary process is prejudicial to the administration of justice.
Appeal of Admonition, supra, 533 N.W.2d 851.
While the plaintiff's conduct was perhaps less than prudent, and not to be encouraged, it did not violate an ethical rule by dear and convincing proof In the Scope of the Code of Professional Conduct, the following language is found:
 The Rules do not, however, exhaust the moral and ethical considerations that should inform a lawyer, for no worthwhile human activity can be completely defined by legal rules. The Rules simply provide a framework for the ethical practice of law.
For the reasons state above, the court sustains the appeal.
DiPentima, J.