**In re Petition for DISCIPLINARY ACTION AGAINST F. Patrick McGRATH, an Attorney at Law of the State of Minnesota.**

**No. C4–90–178.**

Supreme Court of Minnesota.

Nov. 16, 1990.

**600**

William J. Wernz, Director, Office of Lawyers Professional Responsibility, St. Paul, for appellant.

John J. Scanlon, Hinckley, for respondent.

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility (the Director) alleged respondent engaged in professional misconduct involving neglect of client matters, failure to communicate with clients, intentional misrepresentation, and failure to cooperate with disciplinary investigations. The referee appointed by this court found the Director's allegations were supported by clear and convincing evidence and recommended six months' suspension followed by two years' supervised probation. Respondent contended the referee's findings were not supported by the evidence and that, therefore, the recommended discipline was inappropriate.

■ Allegations of professional misconduct must be proven by " 'full, clear and convincing evidence.' " *In re Ruhland*, 442 N.W.2d 783, 785 (Minn.1989) (quoting *In re Gillard*, 271 N.W.2d 785,

805 n. 3 (Minn.1978)). On review, a "referee's findings of fact will not be set aside unless clearly erroneous." *Id.* (citing *In re Pyles*, 421 N.W.2d 321, 325 (1988)). A referee's findings as to disputed fact questions are given great deference, particularly "when the dispute is presented by conflicting testimony." *Id.* at 786 (citing *In re Daffer*, 344 N.W.2d 382, 386 (Minn.1984)). We conclude the referee's findings of fact are indeed supported by clear and convincing evidence and find no ground upon which to alter them.

As alleged by the Director and found by the referee, respondent undertook representation of a client against a misdemeanor charge. After agreeing to waive trial, stipulate the facts, and permit the case to be decided on briefs, respondent failed to timely file a brief with the trial court. Following an adverse judgment, he then indicated to his client that he would file an appeal, but failed to do so. Throughout the period he represented this client, respondent failed to communicate with him regarding the status of his case and regarding the dates of scheduled court appearances despite the client's repeated requests for that information.

In a separate incident, respondent agreed to prepare a civil suit for a client he understood to suffer manic depression. Despite the client's urgings that the case be prepared for trial as soon as possible, respondent unreasonably delayed discovery and failed to take appropriate steps toward completing his preparation and setting a trial date.

With respect to a third client, respondent successfully argued a motion to suppress evidence discovered by police during an airport stop, but failed to file a brief in the court of appeals when the state subsequently appealed the suppression order. As a result, respondent was precluded from oral argument. The court of appeals reversed the trial court's suppression order and remanded the case for trial. Respondent failed to inform his client that he did not file a brief; instead, he falsely represented that he had indeed appeared at oral argument and subsequently billed the

client for preparation and service of an appellate brief. Further, he failed to inform the client of the court of appeals' decision, despite representing him against subsequent, unrelated charges to which the client agreed to plead guilty.

Respondent consistently failed to supply the Director with information related to these three incidents and repeatedly failed to appear at scheduled meetings with the Director. Respondent offered no credible explanation for his noncooperation and refused to acknowledge his misconduct with respect to the Director's investigations.

■ We agree with the referee's conclusion that respondent's neglect of client matters and failure to respond to his clients' requests for information violated Rules 1.3 and 1.4(a) of the Minnesota Rules of Professional Conduct (MRPC).[1] Respondent's failure to file a brief in the court of appeals, misrepresentations to his client respecting that brief, and failure to refund the client all fees paid for preparation and service of that brief violated MRPC 1.16(d), 3.4(c), and 8.4(c) and (d).[2] Furthermore, respondent's noncooperation in the Director's investigation of his conduct violated MRPC 8.1(a)(3) as well as Rule 25 of the Rules on Lawyers Professional Responsibility.[3]

■ "While the referee's recommendation is entitled to great weight * * * final responsibility for determining the appropriate discipline rests solely with this court." *In re Peterson*, 456 N.W.2d 89, 93 (Minn. 1990) (citing *In re Franke*, 345 N.W.2d 224, 228 (Minn.1984)). In determining appropriate discipline for professional misconduct, this court considers the nature of the misconduct, the cumulative weight of the violations, and the consequences of that misconduct, both real and potential, for the public and for the legal profession. *Id.* Although prior decisions may be helpful in arriving at appropriate discipline, each case must be evaluated in light of its individual characteristics and "unusual or special circumstances may justify some deviation from [prior holdings]." *In re Pyles*, 421 N.W.2d 321, 325 (Minn.1988). *See also In re Isaacs*, 451 N.W.2d 209, 211 (Minn.1990) (discipline depends on specific facts together with any aggravating or mitigating circumstances).

■ We agree with the referee that respondent's persistent neglect of client matters and failure to communicate with clients warrants supervised probation. In imposing probation, we have often required initiation of office practices and procedures designed to facilitate timely handling of legal matters. *See In re McCoy*, 375

---

1. Rule 1.3 states: "[a] lawyer shall act with reasonable diligence and promptness in representing a client." MRPC 1.3. Rule 1.4(a) states: "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." MRPC 1.4(a).

2. Rule 1.16(d) states: "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as * * * refunding any advance payment of fee that has not been earned." MRPC 1.16(d).
   Rule 3.4 states: "[a] lawyer shall not: * * * (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." MRPC 3.4(c).
   Rule 8.4 states: "[i]t is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, * * * or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice." MRPC 8.4(c), (d).

3. Rule 8.1(a)(3) states:
   [A] lawyer * * * in connection with a disciplinary matter shall not:
   
       \*    \*    \*    \*    \*    \*
   
   (3) knowingly fail to respond to an admission or discipline authority's lawfully authorized demand for information by either providing the information sought or making a good faith challenge to the demand.
   MRPC 8.1(a)(3).
   Rule 25 states:
   (a) Lawyer's Duty. It shall be the duty of any lawyer who is the subject of an investigation * * * to cooperate with the District Committee, the Director, or the Director's staff, the Board, or a Panel, by complying with reasonable requests, including requests to:
   
       \*    \*    \*    \*    \*    \*
   
   (2) Furnish in writing a full and complete explanation covering the matter under consideration[.]
   RLPR 25(a)(2) (Supp.1989).

N.W.2d 471 (Minn.1985) (two years' supervised probation conditioned in part on initiation of office systems and procedures for responding to clients in a reasonable time). We further agree with the referee that respondent's misconduct demands a period of suspension from the practice of law in addition to supervised probation. Respondent's neglect and failure to communicate were coupled with intentional misrepresentations to clients and numerous instances of noncooperation with the Director's investigations. Suspension is therefore appropriate. *See In re Peck*, 302 N.W.2d 356, 360 (Minn.1981) (neglect of legal matters added to misrepresentations to clients justifies suspension); *In re Gorgos*, 382 N.W.2d 857 (Minn.1986) (unreasonable delay in civil matters, misrepresentations to client, and noncooperation with Director's investigation justifies six months' suspension followed by three years' supervised probation); *In re Moore*, 387 N.W.2d 435 (Minn. 1986) (failure to respond to client inquiries coupled with failure to respond to Director's requests for information and to appear at scheduled meetings merits six-month suspension followed by two-year probation).

In imposing discipline on respondent, we have noted his near-complete lack of remorse or contrition and his adamant refusal to acknowledge and accept responsibility for his misconduct. *See In re Pokorny*, 453 N.W.2d 345 (Minn.1990) (attorney's lack of remorse, contrition, and willingness to make amends justifies indefinite suspension rather than admonition); *In re Weiblen*, 439 N.W.2d 7, 12 (Minn.1989) (adamant refusal to acknowledge wrongdoing considered aggravating factor); *In re Daffer*, 344 N.W.2d 382, 385 (Minn.1984) (admission of and remorse for wrongdoing mitigates against disbarment).

IT IS HEREBY ORDERED:

1. Respondent, F. Patrick McGrath, is suspended from the practice of law for a period of 90 days effective 5 days from the date this order is released.

2. Respondent may apply for reinstatement pursuant to Rule 18, Rules on Lawyers Professional Responsibility (RLPR),

after 90 days from the date this order is released on the following conditions:

a. Pursuant to RLPR 18(e), respondent must successfully complete the written examination on the subject of Professional Responsibility required by the State Board of Law Examiners;

b. Respondent must demonstrate to the Director his compliance with RLPR 26;

c. Respondent must pay $750 in costs to the Office of Lawyers Professional Responsibility as required by RLPR 24;

d. Respondent must, at the time he applies for reinstatement, nominate an attorney acceptable to the Director who will monitor his compliance with the terms of his probation. If respondent does not name a supervisor acceptable to the Director, the Director may appoint a licensed Minnesota lawyer to supervise his probation.

3. If reinstated, respondent will remain on supervised probation for two years pursuant to RLPR 15(a)(4). As a condition of probation, respondent must fully cooperate with his supervisor's monitoring of his probation.

4. As a condition of his probation, respondent must demonstrate to the Director that he has initiated office procedures to ensure prompt responses to communications from clients and courts and to facilitate timely review and completion of legal matters.

5. As a condition of probation, respondent must provide his supervisor a monthly inventory and status report of all open files by the tenth day of each month.

6. Respondent's probation is conditioned upon payment of $4,500 to Kevin Weniger as reimbursement for overpaid legal fees within nine months from the date of his reinstatement. Respondent must provide the Director proof that this payment was timely made.