**In re Petition for DISCIPLINARY ACTION AGAINST Marlon O. HAUGEN, an Attorney at Law of the State of Minnesota.**

No. C6–85–1544.

Supreme Court of Minnesota.

Feb. 16, 1996.

Kenneth L. Jorgensen, St. Paul, for appellant.

George R. Ramier, Minneapolis, for respondent.

## OPINION

PER CURIAM.

Respondent, Marlon O. Haugen, is an attorney who has been practicing law in Minnesota since 1954.

This disciplinary proceeding was initiated by the Director of the Office of Lawyers Professional Responsibility (Director) after the Director received notice that Haugen's trust account was overdrawn on December 18, 1991. The Director commenced an audit of Haugen's trust account. That audit identified a number of trust account violations. As a result, the Director filed this petition for disciplinary action.

The petition alleges two counts of unprofessional conduct warranting public discipline. The first count alleges that Haugen improperly handled his trust account and failed to maintain adequate trust account books and records. The second count alleges that Haugen failed, on two occasions, to pay

court reporter fees. A hearing was held on June 23, 1995, before Referee Michael H. Seibel.

On the first count, the referee found that from January 1990 through May 1994, Haugen failed to: (1) maintain adequate client subsidiary ledgers, cash receipts and cash disbursements journals, and duplicate deposit slips; (2) adequately attribute trust account deposits and disbursements to individual clients; and (3) perform monthly trial balances and reconciliations. In addition, the referee found that: (1) Haugen issued numerous trust account checks when there were insufficient funds in the account; (2) paid business and personal expenses from the trust account; (3) issued checks to himself without attributing payment to a client matter; (4) commingled earned attorney fees with client funds in the trust account; and (5) falsely certified to this court that he maintained his books and records as required by Minn.R.Prof.Conduct 1.15(g). The referee further found that while Haugen's trust account violations did not directly harm any client, all of the client funds in the account were at risk. Finally, the referee found that Haugen did not intentionally violate the rules with respect to maintaining trust account books and records and has a "sincere desire" to comply with the trust account rules. The referee noted, however, that Haugen has practiced law for nearly 40 years and should have been fully aware of the bookkeeping requirements, that he continued to violate the trust account rules after the Director's Office pointed out these violations, and that his trust account books and records were still inaccurate at the time of the disciplinary hearing. Based on these findings, the referee concluded that Haugen's "continued violations and his failure to comprehend the trust fund accounting requirements makes it highly probable that future violations will occur." Ultimately, the referee determined that Haugen had engaged in a pattern of conduct from 1990 through May 1994 that violated

Minn.R.Prof.Conduct 1.15(a), (g), and (h) and 8.4(c), in addition to Lawyers Professional Responsibility Board Amended Opinion No. 9.

On the second count, the referee found that on two occasions Haugen failed to timely pay court reporter fees. In each case, the court reporter complained to the Director's Office. In the Linton matter, Haugen failed to fully pay a $141 court reporter bill until after a judgment had been obtained against him and the court reporter had filed the complaint with the Director's Office. In the Snyder matter, Haugen failed to pay a $294 court reporter bill until shortly after Snyder complained to the Director's Office.

The referee concluded that Haugen's pattern of conduct in failing to pay the court reporters' fees indicates a lack of concern for the rights of others and was a violation of Minn.R.Prof.Conduct 8.4(d).

Haugen has a disciplinary history that includes being publicly reprimanded and placed on 2 years of supervised probation by this court in September of 1985 for failure to comply with discovery orders, neglect of a client matter, and failure to respond to probate court orders (see In re Haugen, 373 N.W.2d 600, 600–01 (Minn.1985)); being admonished in May of 1986 for failing to "maintain or render an appropriate accounting to his client regarding $3,000 held in trust";[1] being suspended in July of 1988 for 60 days and placed on probation for 2 years by this court for failure to timely file income tax returns and submitting an answer in a personal injury action denying factual allegations in a pleading on behalf of a client when he knew the answer was false (see In re Haugen, 425 N.W.2d 835, 836 (Minn.1988));[2] and being admonished in May of 1991 for using a false and misleading advertisement.

By operation of Rule 14(e), Rules on Lawyers Professional Responsibility (RLPR), the referee's findings of fact and

---

1. The district ethics committee did not recommend disciplinary action, but the Director issued an admonition because Haugen failed to maintain appropriate trust account records that would have substantiated his defense to the client's claims.

2. While no formal discipline was imposed, the referee concluded that Haugen violated Minn.R.Prof.Conduct 8.4(d) when he failed to pay a court reporter for the preparation of a transcript. Haugen, 425 N.W.2d at 836.

conclusions of law are considered conclusive because neither party requested a transcript. Therefore, the only issue before the court involves the appropriate discipline to be imposed. The referee recommends a 2–year suspension with 1 year stayed and 5 years of supervised probation. The Director seeks indefinite suspension for a minimum of 3 years. Haugen requests a sanction of 100 hours of pro bono attorney services and 2 years of supervised probation. The "final responsibility to determine the appropriate discipline" rests with this court. *In re Boyd,* 430 N.W.2d 663, 664 (Minn.1988).

 Attorney discipline proceedings are intended to "protect the public from attorneys who are unable to properly discharge their duties." *In re Montpetit,* 528 N.W.2d 243, 246 (Minn.1995). Attorney discipline proceedings are also intended to deter future attorney misconduct. *Id.* In determining the appropriate sanction, we weigh the specific facts of the case in addition to any mitigating or aggravating circumstances. *In re Isaacs,* 451 N.W.2d 209, 211 (Minn.1990). In doing so, we consider the nature of the misconduct, the cumulative weight of the disciplinary rule violations, the potential harm to the public, and the harm to the legal profession. *In re Lochow,* 469 N.W.2d 91, 96 (Minn.1991).

 Maintaining trust account records is not a new requirement for the Minnesota bar. Trust account recordkeeping requirements have been in existence in Minnesota since 1976. *Id.* at 98. In the past, we have stated that trust account violations will "almost invariably result in lengthy suspensions at the very least." *Id.* at 98. "[E]ven unintentional misappropriation as the result of poor accounting practices may be grounds for discipline." *In re Kinnunen,* 502 N.W.2d 773, 775 (Minn.1993). We take trust account violations seriously and will not hesitate to impose a disciplinary suspension to protect the public from attorneys who either intentionally or unintentionally fail to exercise care in handling client funds.

 Haugen's failure to timely pay court reporter fees was also misconduct. The failure to pay debts for goods or services used in an attorney's law practice "reflects adversely on [the attorney's] commitment to the rights of others, thereby reflecting adversely on his fitness for the practice of law." *In re Pokorny,* 453 N.W.2d 345, 348 (Minn. 1990) (quoting *In re Gahan,* 279 N.W.2d 826, 831 (Minn.1979)).

 An attorney's prior disciplinary history is relevant when determining sanctions. *In re Hartke,* 529 N.W.2d 678, 683 (Minn.1995). We "expect[ ] a renewed commitment to comprehensive ethical and professional behavior" after a disciplinary proceeding, and "[w]here leniency has been shown once, we are reluctant to do so again." *Isaacs,* 451 N.W.2d at 212. Here, Haugen's disciplinary history is an aggravating circumstance. He has been admonished in the past for trust account violations and has been subject to disciplinary proceedings for failing to pay court reporter fees. Given the similarity between that prior misconduct and the conduct before us now, it appears that Haugen did not have a "renewed commitment to comprehensive ethical and professional behavior."

Respondent Marlon O. Haugen hereby is indefinitely suspended from the practice of law with no right to apply for reinstatement for 12 months. The suspension shall be effective 20 days from the date of this order. Haugen shall comply fully with Rules 24 and 26, RLPR. If Haugen seeks reinstatement, he shall comply fully with Rule 18(e), RLPR. Upon readmission, Haugen shall be subject to a 3–year period of supervised probation. The terms of Haugen's supervised probation are as follows:

(1) He shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and respond promptly to the Director's correspondence by the due date. He shall cooperate with the Director's investigation of any allegations of unprofessional conduct against him and shall make his trust account books and records available to the Director upon request.

(2) He shall retain an accountant to maintain his trust account books and records in conformity with the requirements of the Rules of Professional

Conduct and the Lawyers Professional Responsibility Board Opinion No. 9. On the first day of each month, he shall make all books and records pertaining to his trust account available to his accountant and at least once per quarter this accountant shall submit to the Director's Office, in writing, a letter verifying that monthly reconciliations have been made and that all trust account records have been maintained properly in accordance with the Rules of Professional Conduct. The first such letter shall be due on the first day of the next month after he has been readmitted to practice.

(3) Any admission or referee finding of further misconduct during the probationary period shall constitute conclusive evidence of a breach of this probation.

Indefinite suspension with conditions for reinstatement.