In re Petition for DISCIPLINARY AC-
TION AGAINST John E. GRZYBEK, an
Attorney at Law of the State of Minne-
sota.

No. C4–96–128.

Supreme Court of Minnesota.

July 25, 1996.

Marcia A. Johnson, Director, Craig D.
Klausing, Assistant Director, Office of Law-
yers Professional Responsibility, St. Paul, for
Appellant.

John E. Grzybek, St. Paul, Pro Se.

OPINION

PER CURIAM.

At the direction of a panel of the Lawyers
Professional Responsibility Board, the Di-
rector of the Office of Lawyers Professional
Responsibility filed a petition and a supple-
mentary petition for disciplinary action
against respondent John E. Grzybek. The
petitions relate to Grzybek's conduct with
respect to three of his clients, and also in-
clude allegations relating to Grzybek's failure
to cooperate with disciplinary authorities.
The Director alleges that Grzybek failed to
establish the basis for his fee, to keep his
clients reasonably informed, to respond to
clients' requests for information, to promptly
return client property, and to cooperate with
disciplinary authorities. This conduct is al-
leged to have violated Rules 1.3, 1.4, 1.5(b),
1.15(b)(4), 8.1(a)(3), and 8.4(d) of the Minne-
sota Rules of Professional Conduct, and Rule
25, Rules on Lawyers Professional Responsi-
bility.

Because Grzybek failed to answer the
allegations contained in the petition and the
supplementary petition, the Director moved,
pursuant to Rule 13(b), Rules on Lawyers
Professional Responsibility, for an order of
this court that the allegations of the petitions
be deemed admitted. The court ordered the
petition's allegations be deemed admitted
and set a hearing for the purpose of consid-
ering the appropriate discipline. The Di-
rector recommended that Grzybek be indefi-
nitely suspended without the right to apply
for reinstatement for two years. We con-
clude that a six-month suspension is more

appropriate given the facts and circumstances of this case.

This disciplinary action arises out of Grzybek's conduct with respect to three of his clients. In the first matter, Grzybek was retained in 1993 to represent a client concerning a problem related to work on her home. Later that year, he agreed to represent the same client in employment-related matters. Grzybek did not establish a basis for his fee in either matter. The client contacted Grzybek on numerous occasions and Grzybek either failed to return her calls or did not return them in a timely manner. The client complained to the Director, and Grzybek was sent a notice of investigation. Grzybek did not respond in a timely manner to the District Ethics Committee, and when he did respond, he did not address several questions raised in the complaint. After several inquiries and only one response from Grzybek, the District Ethics Committee referred the matter to the Director. The Director wrote to Grzybek on several occasions, but Grzybek failed to respond.

In the second matter, arising in 1992, Grzybek undertook representation of a client who entrusted to him certain documents relating to the representation. In early 1994, the client requested that her files be returned. Grzybek did not return them, and when the files still had not been returned by April 1995, the client filed a complaint with the Director. The Director wrote to Grzybek concerning the complaint, and Grzybek responded in a timely manner, stating that the files had been returned, but did not respond to other issues raised by the Director. Two further inquiries by the Director on this matter were ignored.

In the third matter, Grzybek was retained by an inmate of the Minnesota Correctional Facility at St. Cloud regarding a civil matter. A misunderstanding between Grzybek and the client ensued regarding the filing of a motion with the court. The client sought the return of documents that were in Grzybek's possession, but Grzybek did not respond to the client's requests. This client also complained to the Director, and Grzybek failed to respond to the subsequent communications from the Director regarding the client's complaint.

On November 1, 1995, Grzybek was mailed charges of unprofessional conduct and a notice of a prehearing meeting scheduled for November 15. Grzybek did not attend the meeting, nor did he contact the Director regarding his failure to attend. After his failure to attend, Grzybek was personally served with a petition for disciplinary action on January 10, 1996, and a supplementary petition for disciplinary action on February 23, 1996. He failed to answer either of the petitions. This court ordered the allegations of the petitions deemed admitted, and the matter was set for oral argument regarding the appropriate discipline to be imposed.

Grzybek did appear at oral argument, and demonstratively informed the court that his lack of response to disciplinary authorities was due to his extensive involvement with his clients, most of whom are indigent and who often pay him in kind, with items such as cantaloupe, frozen bread, and Ethiopian linens rather than cash. Nevertheless, Grzybek failed to respond to numerous communications from his clients, the District Ethics Committee, and the Director. When charges were issued, he failed to appear at his prehearing conference, failed to reply to the Director's petitions, and filed no brief or affidavits with this court. While we acknowledge that Grzybek's service to his indigent clients is laudatory, it is not an excuse for not properly serving those clients once he was retained by them as an attorney or for failing to cooperate with the Director once the complaints were filed.

Because the allegations of the petitions have been deemed admitted, we address only the appropriate discipline in this case. The purpose of attorney discipline is the protection of the public. *In re Walker*, 461 N.W.2d 219, 222 (Minn.1990). In considering appropriate sanctions for misconduct, this court weighs the following factors: (1) the nature of the misconduct, (2) the cumulative weight of the disciplinary violations, (3) the harm to the public, and (4) the harm to the legal profession. *Id.* Sanctions are imposed according to the unique facts of each case, but earlier cases are useful for drawing

analogies. *Id.* The Minnesota Rules of Professional Responsibility require that a lawyer cooperate with a disciplinary authority's lawfully authorized demand for information. Minn. R. Prof. Conduct 8.1(a)(3); *see* Rule 25, Rules on Lawyers Professional Responsibility.

The Director contends that Grzybek's failure to communicate with clients, to diligently pursue their interests, to return clients' property, and to cooperate with the Director are sufficient to warrant indefinite suspension without the right to apply for reinstatement for two years. The Director notes that Grzybek's clients did not have the assistance of counsel, nor did they receive adequate information regarding the status of their cases.

In weighing the factors listed above, we note that the nature of Grzybek's misconduct reveals no direct injury to his clients. In the aggregate, however, the violations are of such a nature that the public is not served by permitting this type of nonresponsiveness. But our particular concern in this case is Grzybek's complete lack of cooperation with the disciplinary system. Our past cases have indicated that failure to cooperate with disciplinary authorities is itself grounds for discipline. *See In re Olson*, 545 N.W.2d 35, 38 (Minn.1996).

In *Olson*, the attorney did not respond to the Director's petitions containing four counts of unprofessional conduct. The attorney failed to file a brief in a client's case, to adequately communicate with the client, to respond to the client's complaint, to attend meetings scheduled at the Director's office, to attend a scheduled prehearing conference, and delayed returning the client's file. Olson further neglected a client's social security matter and failed to submit a written response to the client's complaint. This court indefinitely suspended Olson for a minimum of two years. We said, "Noncooperation with the disciplinary process is a serious offense in itself. * * * Noncooperation alone has warranted suspension." *Olson*, 545 N.W.2d at 38 (quoting *In re Walker*, 461 N.W.2d 219, 223 (Minn.1990)).

In *In re Neill*, the attorney practiced law while on CLE restricted status and while suspended for failing to pay his attorney registration fee. 486 N.W.2d 150 (Minn. 1992). Neill also neglected to file a bankruptcy petition for over one year, acquired stock under terms that were unfair to his client, and did not disclose a conflict of interest to his client. Neill did not cooperate with the Director and failed to answer letters and attend meetings. Neill did not appear at any of the hearings in his discipline action. In that case, we imposed a three-year suspension.

In *In re Kinnunen*, the attorney failed to return the client's file, to cooperate with disciplinary authorities in an investigation of trust account overdrafts, and to commence an action despite repeated requests from the client to do so. 502 N.W.2d 773 (Minn.1993). Kinnunen also failed to respond to a petition for disciplinary action, to appear at a scheduled prehearing meeting, and to file a brief with or appear at the discipline hearing. We said, "Repeated failure to cooperate, in itself, has been found to warrant a six month suspension." *Id.* at 775.

Grzybek failed to respond or failed to respond promptly to his clients' requests for information and for their property. He ignored the requirements of the attorney discipline process in failing to appear at the prehearing conference and in failing to cooperate with the District Ethics Committee and with the Director. We cannot ignore Grzybek's utter lack of regard for the disciplinary process and we share the Director's concern that Grzybek's failure to cooperate with the disciplinary process is serious professional misconduct. However, we conclude that Grzybek's misconduct falls closer to that in *Kinnunen* than it does to that in *Olson* and *Neill*. Therefore, the two-year suspension recommended by the Director is too severe a sanction for his misconduct. We conclude that the appropriate sanction for Grzybek's misconduct is a six-month suspension from the practice of law. Accordingly, we order that:

1. Respondent John E. Grzybek is hereby suspended from the practice of law for six months commencing 14 days from the date of this order;

2. Respondent comply with the requirements of Rule 26, Rules on Lawyers Professional Responsibility;

3. Respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

We waive the requirement of a petition for reinstatement under Rule 18, Rules on Lawyers Professional Responsibility.

So ordered.

GARDEBRING, J., took no part in the consideration or decision of this case.