In re Petition for DISCIPLINARY AC-
TION AGAINST John E. GRZYBEK, an
Attorney at Law of the State of Minne-
sota.

No. C4–96–128.

Supreme Court of Minnesota.

July 31, 1997.

Marcia Johnson, Director, Craig Klausing,
Asst. Director, Office of Lawyers Prof. Re-
sponsibility, St. Paul, for Appellant.

John Grzybek, St. Paul, pro se.

**OPINION**

PER CURIAM.

The Director of the Office of Lawyer's
Professional Responsibility filed and served a
petition for disciplinary action against re-
spondent, John E. Grzybek, on January 10,
1997. Grzybek did not answer the petition,
and as per Rule 13, Rules on Lawyers Pro-
fessional Responsibility (RLPR), we deemed
the allegations of the petition admitted.
Those allegations included lack of diligence in
handling client matters, neglect and noncom-
munication with clients, misappropriation of
$750 in client funds, and continued failure to

cooperate with the disciplinary process following his six-month suspension on July 25, 1996. The Director requests that we disbar Grzybek and we conclude that the facts and circumstances of this case merit such action.

## I.

The Director bases the current disciplinary petition on nine separate matters; five of which are independent of the prior disciplinary action and four of which are related to respondent's six-month suspension handed down in *In re Grzybek*, 552 N.W.2d 215 (Minn.1996) (*Grzybek I* ).

### A. Byrne matter

David Byrne retained Grzybek to commence a lawsuit. Grzybek commenced the lawsuit and filed a motion for a temporary restraining order. The district court denied the motion and Grzybek advised Byrne that he should appeal the decision. Byrne agreed and gave Grzybek $250 to pay the filing fee. On April 26, 1996, Grzybek filed the appeal documents, together with a check for $250. The check was returned for insufficient funds in his account.

Grzybek's brief to the court was due on or about May 12, 1996, but he filed no brief. After numerous requests for repayment of the fee and submission of briefs, the court of appeals dismissed the appeal and issued an order directing entry of a .$250 judgment against Grzybek personally. Grzybek did not satisfy the judgment.

In the same matter, Grzybek on April 3, 1996 argued a motion requesting a waiver of the supersedeas bond. The district court denied the motion on April 17, 1996 and directed Byrne to post a supersedeas bond and pay defendants' reasonable attorney fees and costs in the amount of $500. Byrne subsequently gave Grzybek $500 to pay the attorney fees and costs, and Grzybek issued a check for $500, which was returned for insufficient funds. The court on April 22, 1996 ordered Grzybek to remit payment of $500, but he did not comply with or notify Byrne of the court's order. The defendants' attorney wrote Grzybek and proposed to forgo any claim for additional attorney fees and costs in exchange for a dismissal of the claim with prejudice. Grzybek did not notify Byrne of the offer or respond to defendants' counsel. The court of appeals ultimately garnisheed Byrne's wages to collect the $500 in attorney fees and costs awarded on April 17, 1996. The garnishment was the first notice Byrne received that the $500 had not been paid. The defendants subsequently filed and served Grzybek with motions for summary judgment and attorney fees, a matter of which Byrne did not become aware until he had retained Thomas Casey as his counsel.

Casey on August 7, 1996 sent a letter to Grzybek discharging him as Byrne's counsel and requesting the return of the client file. After a number of unreturned phone calls, Grzybek on August 24, 1996 delivered to Casey the pleadings portion of the Byrne file. Casey requested that Grzybek return the remainder of the file, including the substitution-of-attorney form and the defendants' June 19, 1996 settlement proposal. Grzybek returned neither.

### B. Alli matter

Aderemi Alli retained Grzybek in August 1995 to represent him in a federal lawsuit. The district court granted the defendant's motion for summary judgment on April 15, 1996, but Alli did not learn of the decision until several weeks later. Upon learning of the decision, Alli decided to appeal the ruling, but Grzybek failed to file an appellate brief. Alli later discovered that we had suspended Grzybek from the practice of law, and on August 16, 1996, wrote Grzybek a letter asking for a return of his file. Grzybek did not respond to the letter.

The Eighth Circuit Court of Appeals on September 6, 1996 issued an order directing Alli to show cause why it should not dismiss his appeal for failure to prosecute. Alli informed the court of his problems with Grzybek, and the court on October 3, 1996 issued an order directing the clerk to enter a pro se briefing schedule and a separate order specifically directing Grzybek to return Alli's file. Grzybek did not return Alli's file.

### C. Larsen matter

Daniel Larsen retained Grzybek in 1994 to pursue his release from the Minnesota Security Hospital in St. Peter, Minnesota. Grzy-

bek failed to respond to numerous requests from Larsen regarding the status of the matter and failed to file the writ seeking his release. Larsen in February 1996 filed a complaint with the Director's office. The Director on February 21, 1996 sent a notice of investigation and instructed Grzybek to respond within 14 days. On August 5, 1996, Grzybek informed the Director that the writ had been filed in March 1996.

### D. Hughes matter

Grzybek has represented Frank Hughes in several lawsuits and appeals. Hughes on October 11, 1995 wrote respondent requesting information regarding the status of each of five different matters. Grzybek did not respond to the letter or several telephone messages left by Hughes. Hughes contacted another attorney who on February 20, 1996 wrote a letter requesting that Grzybek return all of Hughes' files within five days. Grzybek failed to return any of the files until Hughes met Grzybek in his office in March 1996. Grzybek at that time provided some, but not all, of Hughes' files.

### E. Unauthorized practice

In September 1996—six weeks after we had suspended Grzybek for six months—Grzybek telephoned a prosecutor to argue that a client he had represented had not violated the terms of her probation. Grzybek did not inform any of the attorneys in the prosecutor's office that he had been suspended and was unable to continue representing the defendant.

### F. Audie Fox matter

Audie Fox was a complainant in the prior disciplinary proceeding who alleged that Grzybek refused to return Fox's file despite numerous requests. Since Grzybek's suspension, Fox made additional efforts to obtain his file from Grzybek, but Grzybek failed to return Fox's telephone messages or his file.

### G. Ellen Cochran matter

Ellen Cochran also was a complainant in the prior disciplinary proceeding. Cochran on July 25, 1996 wrote to Grzybek requesting the return of her file. Grzybek did not reply. Cochran subsequently consulted with another attorney, who called Grzybek's office on numerous occasions. Grzybek failed to return

those calls. Cochran's new attorney on October 14, 1996 wrote to Grzybek demanding that he respond within one week. Grzybek failed to respond to that letter.

### H. Failure to comply with Rule 26, RLPR

In *Grzybek I*, we ordered Grzybek to comply with Rule 26, RLPR, which requires an attorney, within 10 days of the suspension order, to send notice of his suspension to each client, opposing counsel, and tribunal before which he or she has matters pending. We also ordered Grzybek to make arrangements to return to those clients with pending matters any papers or property to which the clients were entitled. *See* Rule 1.16(d), Minnesota Rules of Professional Conduct (MRPC). We also ordered Grzybek to submit to the Director within 15 days of his suspension order proof of compliance with the notice and client property requirements. Grzybek failed to comply with each of the foregoing requirements.

### I. Noncooperation

Grzybek failed to timely respond to the Director's February 21, 1996 notice of investigation regarding a complaint from Daniel Larsen. In addition, Grzybek failed to timely respond to a subsequent letter and failed to accept a subsequent certified letter regarding the same matter. He ultimately responded to the complaint on August 8, 1996. Grzybek failed to timely respond to the Director's June 11, 1996 notice of investigation regarding a complaint from Daniel Van Lanen. In addition, Grzybek failed to respond to three subsequent letters regarding the same matter. He ultimately responded to the complaint on August 7, 1996.

Grzybek failed to respond to the Director's July 22, 1996 notice of investigation regarding a complaint from Frank Hughes. Grzybek failed to respond to the Director's August 20, 1996 notice of investigation regarding a complaint from David Byrne. Grzybek failed to respond to the Director's September 5, 1996 notice of investigation regarding the Aderemi Alli matter. Grzybek failed to respond to the Director's October 3, 1996 notice of investigation regarding a complaint from Tonetta Dove.

Furthermore, Grzybek failed to attend the December 12, 1996 prehearing meeting.

## II.

■ Because the allegations of the petition are deemed admitted, we will address only the appropriate discipline in this case. Rule 13(b), RLPR; *In re Thedens,* 557 N.W.2d 344, 347 (Minn.1997). The purpose of sanctions is not to punish an attorney, but to protect the public, to guard the administration of justice and to deter future misconduct. *In re Weems,* 540 N.W.2d 305, 308 (Minn.1995). "In determining the appropriate sanction, this court weighs 'the nature of the misconduct, the cumulative weight of the disciplinary rule violations, and the potential harm to the public, to the legal profession, and to the administration of justice.'" *Id.* (quoting *In re Shoemaker,* 518 N.W.2d 552, 555 (Minn.1994)).

The Director recommends that we disbar the respondent. Although the Director asserts that Grzybek's misappropriation of funds could, by itself, warrant disbarment, the Director bases her assertion primarily on the fact that the cumulative effect of these disciplinary violations is sufficient to warrant disbarment. For support, the Director relies upon *In re Jones,* 383 N.W.2d 303, 307 (Minn.1986), where we relied upon the cumulative weight and severity of disciplinary rules violations to disbar the lawyer. More particularly, the Director points to *In re Walker,* 461 N.W.2d 219 (Minn.1990), to support her contention that we should disbar the respondent. In *Walker,* we disbarred a lawyer who neglected client matters, failed to return files and unearned retainers, misappropriated $1,600 for two months, failed to comply with court orders, and failed to cooperate with the disciplinary process. 461 N.W.2d at 222–23; *see also Weems,* 540 N.W.2d 305, 308–09 (ordering disbarment for lawyer who misappropriated funds, failed to return client files and unearned retainers, disobeyed court order, neglected client matters, and failed to cooperate with the Director's investigation); *In re Pang,* 522 N.W.2d 921, 921 (Minn.1994) (concluding that disbarment is warranted for lawyer who, over a period of years, engaged in repeated and continued neglect of client matters, misappropriated client funds, and failed to cooperate with the Director's investigation); *In re Ladd,* 463 N.W.2d 281, 283–84 (Minn.1990) (ordering disbarment for misappropriating client and partnership funds, neglecting client matters, and failing to cooperate with the Director).

## III.

■ We begin our determination of the appropriate sanctions by noting that this is the second disciplinary action against Grzybek to come before us within one year. On July 25, 1996, we suspended Grzybek for six months following his failure to communicate with clients and cooperate with the disciplinary process. *Grzybek I,* 552 N.W.2d at 216–18. We now have learned that two other persons filed complaints with the Director while those disciplinary actions were pending. We also have learned that three other persons filed complaints with the Director after the imposition of the suspension, with two of those complaints related to actions taken by Grzybek before the suspension, and the other related to actions taken by Grzybek after the suspension. An attorney's prior disciplinary history is relevant when determining sanctions. *In re Haugen,* 543 N.W.2d 372, 375 (Minn.1996). After a disciplinary proceeding, this court "expects a renewed commitment to comprehensive ethical and professional behavior," and "where leniency has been shown once, [this court is] reluctant to do so again." *Id.* (quoting *In re Isaacs,* 451 N.W.2d 209, 212 (Minn.1990)). In *Grzybek I,* we made special note that Grzybek "demonstratively informed the court that his lack of response to disciplinary authorities was due to his extensive involvement with his clients." 552 N.W.2d at 216. We also noted that while "Grzybek's service to his indigent clients [was] laudatory, it [was] not an excuse for not properly serving those clients once he was retained by them as an attorney or for failing to cooperate with the Director once the complaints were filed." *Id.* Less than a year later, we now realize that Grzybek has not shown a renewed commitment to either his clients or the Director. If anything, his failure to both serve his clients and cooperate with the Director has

increased to such a degree that it is apparent Grzybek no longer is fit to practice law in this state.

## A. Neglect of client matters

The admitted allegations show that Grzybek failed to serve his clients in a number of ways. He neglected to file briefs in the Byrne and Alli matters. In addition, he failed to remit the $250 filing fee in the appeal of the Byrne matter, and failed to inform Byrne of a settlement offer from opposing counsel. The Minnesota Rules of Professional Conduct require a lawyer to "act with reasonable diligence and promptness in representing a client." Rule 1.3, MRPC; *see In re McGrath,* 462 N.W.2d 599, 601 (Minn. 1990) (stating that failure to file brief violates rules of professional conduct). The rules also require a lawyer to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Rule 1.4, MRPC. Grzybek's actions clearly violated rules 1.3 and 1.4.

Making matters worse, Grzybek's neglect in this case, unlike his neglect in *Grzybek I,* resulted in direct injury to his clients. *See Grzybek I,* 552 N.W.2d at 217 (stating that Grzybek's neglect caused no direct harm to clients). As a result of Grzybek's neglect, the Minnesota Court of Appeals dismissed the Byrne appeal and issued a judgment against Grzybek for $250. And the opposing counsel in the Byrne matter subsequently filed motions for both summary judgment and attorney fees and costs, two actions for which Byrne was forced to defend after acquiring substitute counsel.

■ Repeated neglect of client matters, misrepresentations, and failure to communicate with clients typically warrant indefinite suspension. *Walker,* 461 N.W.2d at 222. In more extreme cases, we have disbarred attorneys for similar transgressions. *Id.; see also Jones,* 383 N.W.2d at 306 (disbarring lawyer who showed demonstrated pattern of gross neglect); *In re Weyhrich,* 339 N.W.2d 274, 279 (Minn.1983) (disbarring lawyer who repeatedly neglected client matters, failed to communicate with clients over 4–year period, and failed to cooperate with board). Al-

though Grzybek's numerous violations make it unnecessary to determine whether his neglect alone would merit disbarment, we take note that Grzybek's neglect was a serious violation of the rules of professional conduct.

In addition to his neglect of client matters, Grzybek also failed to return client property. After numerous requests, Grzybek returned only a portion of the client files belonging to Byrne and Hughes, and he never returned any portion of the client files belonging to Alli, Fox or Cochran. The Minnesota Rules of Professional Conduct require a lawyer, upon termination, to surrender papers and property to which the client is entitled. Rule 1.16(d), MRPC; *see In re Cowan,* 540 N.W.2d 825, 827 (Minn.1995) (stating that failure to respond to client's request for return of property is violation of rules of professional conduct). We conclude that Grzybek's failure to return files merits serious treatment for two specific reasons. First, such failures have continued a pattern of conduct for which we already disciplined respondent. *See Haugen,* 543 N.W.2d at 375 (stating that similarity between prior misconduct and present conduct demonstrates that attorney did not have a renewed commitment to ethical and professional behavior). And second, Grzybek's failures have caused substantial inconvenience and unnecessary frustration to his clients.

## B. Noncooperation with disciplinary process

Grzybek, whose suspension in *Grzybek I* was based in large part on his noncooperation with the disciplinary process, has had numerous instances of noncooperation in the present disciplinary procedure. He failed to timely respond to two notices of investigation, and he completely failed to respond to four other notices of investigation. Grzybek also failed to attend his prehearing meeting as mandated by Rule 9, RLPR.

■ The Rules on Lawyers Professional Responsibility make it "the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate * * *." Rule 25, RLPR. Likewise, the Minnesota Rules of Professional Conduct prohibit lawyers from knowingly failing to

respond to a discipline authority's lawfully authorized demand for information. Rule 8.1(a)(3), MRPC. We noted in *Grzybek I* that failure to cooperate with disciplinary authorities is itself grounds for discipline. 552 N.W.2d at 217. In addition, failure to appear at a prehearing meeting violates Rule 8.1(a)(3), MRPC and Rule 25, RLPR. *See Thedens*, 557 N.W.2d at 350 (Minn.1997). As a result of these transgressions, we conclude that Grzybek's continued failure to cooperate with the disciplinary process by itself warrants serious discipline.

## IV.

■ Although Grzybek's repeated neglect of client matters and noncooperation with the disciplinary process are sufficient to merit disbarment, we note that the admitted allegations provide us with two more serious violations upon which we base his disbarment.

### A. Misappropriation of client funds

■ The first of these serious violations was the misappropriation of client funds. Byrne gave Grzybek a total of $750 to cover an appellate court filing fee and a court-ordered assessment of attorney fees and costs. On both occasions, Grzybek's checks to the courts were returned for insufficient funds. Despite concerted efforts by both courts, Grzybek failed to pay either the $250 filing fee or the $500 court-ordered attorney fees and costs. The Minnesota Rules of Professional Conduct prohibit lawyers from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Rule 8.4(c), MRPC. *See In re Larson*, 324 N.W.2d 656, 659 (Minn.1982) (stating that issuance of checks against insufficient funds is an ethical violation). We have held that the misappropriation of client funds is a violation of Rule 8.4(c), MRPC. *In re Olsen*, 487 N.W.2d 871, 873–74 (Minn.1992). The Director argues that such a misappropriation of funds by itself is sufficient misconduct to warrant disbarment. Although past cases indicate that such an infraction, although particularly serious, would not necessarily warrant a disbarment in isolation,[1] we note that Grzybek's many other violations make such an analysis unnecessary.

### B. Failure to follow court orders

The second additional serious violation was Grzybek's failure to comply with the following court orders: the Minnesota Court of Appeals' order requiring Grzybek to remit the $250 filing fee that had not been paid following the return of his check for insufficient funds; the Eighth Circuit Court of Appeals' order directing Grzybek to return the client file belonging to Alli; and as part of our sanction in *Grzybek I*, our order requiring Grzybek to comply with Rule 26, RLPR, which requires a suspended lawyer to send notice of his suspension to each client, opposing counsel and tribunal before which the lawyer had matters pending. 552

---

1. We have stated that we "will not hesitate to impose a disciplinary suspension to protect the public from attorneys who either intentionally or unintentionally fail to exercise care in handling client funds." *Haugen*, 543 N.W.2d at 375. We also have held that the "intentional misappropriation of client funds, standing alone, usually warrants disbarment." *Weems*, 540 N.W.2d at 308. Likewise, we have stated that "misappropriation of client funds usually merits the sanction of disbarment unless the attorney presents clear and convincing evidence of substantial mitigating circumstances which show that the attorney did not intentionally convert the funds." *In re Swerine*, 513 N.W.2d 463, 466 (Minn.1994). Although there is no evidence that Grzybek's misappropriation was intentional, there also is no evidence of any mitigating circumstances. On the other hand, Grzybek's failure to return the money to his client constitutes an aggravating factor. *Id.* at 467.

It also is important to note, however, that the amount of the funds Grzybek misappropriated is quite small compared to many other cases cited by the Director. *See Weems*, 540 N.W.2d at 308 ($70,000); *In re LaChapelle*, 491 N.W.2d 17, 21 (Minn.1992) ($13,670); *see also Shoemaker*, 518 N.W.2d at 553 ($75,981.99); *Olsen*, 487 N.W.2d 871 ($200,000); *but see Walker*, 461 N.W.2d at 223 ($1,600). Even the case of *In re Leon*—upon which the Director relies for the proposition that "it is the risk of harm to the public, rather than the dollar amount misappropriated, which is the important consideration"—involved a sum of money approaching $5,000. 524 N.W.2d 723, 725 (Minn.1994). We do not intend to say that the misappropriation of small amounts of money is somehow defensible, only that the amount of the misappropriation is an appropriate consideration in determining sanctions.

N.W.2d at 218. The Minnesota Rules of Professional Conduct prohibit a lawyer from knowingly disobeying an obligation under the rules of a tribunal. Rule 3.4(c), MRPC. Grzybek has violated Rule 3.4(c) by failing to comply with the various orders mentioned above.

### V.

In summary, we note that Grzybek's behavior provided us with at least three separate grounds upon which he could be disbarred: his repeated neglect of client matters and failure to follow the disciplinary process less than a year after receiving a six-month suspension for similar transgressions; his misappropriation of $750 in client funds and his subsequent failure to make any effort to return the money; and his repeated failure to comply with court orders. Given the facts as they are, we are left with no choice but to disbar Grzybek. Accordingly, we order that:

1. Respondent John E. Grzybek is hereby disbarred from the practice of law, effective immediately.

2. Grzybek shall comply with the requirements of Rule 26, RLPR.

3. Grzybek shall pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24, RLPR.

GARDEBRING, J., took no part in the consideration or decision of this case.