In re Petition for DISCIPLINARY AC-TION AGAINST Rodney J. OLSON, an Attorney at Law of the State of Minnesota.

No. C0–95–2044.

Supreme Court of Minnesota.

April 9, 1998.

Rodney J. Olson, Minneapolis, pro se.

Edward J. Cleary, Candice M. Hojan, Office of Lawyers Professional Responsibility, St. Paul, for Office of Lawyers Professional Responsibility.

## OPINION

PER CURIAM.

On April 4, 1997, the Director of the Office of Lawyers Professional Responsibility petitioned this court for disciplinary action against Rodney J. Olson (Olson), an attorney admitted to practice law in Minnesota on October 23, 1956. The petition set forth two separate counts of misconduct. Olson did not respond to the petition and on January 15, 1998, this court ordered the allegations of the petition be deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). At Olson's disciplinary hearing on March 10, 1998, the Director requested that Olson be disbarred. Olson did not appear at the hearing, nor did he file a response. We conclude that disbarment is warranted.

At the time the Director filed the petition, Olson was under a minimum two-year suspension from the practice of law, pursuant to an order dated March 22, 1996. *In re Olson,* 545 N.W.2d 35, 38 (Minn.1996) (*Olson I*). This earlier suspension was based, in part, on Olson's complete lack of cooperation with the Director's office in the investigation process. *Id.* Olson, in that case, did not file a brief or appear at the oral argument. *Id.* Olson's complete disregard for the investigatory or disciplinary process continued in this current matter.

The first count of the petition involves Olson's representation of Michael Bowser (Bowser) in 1992. Bowser filed a complaint with the Director's office on April 4, 1996, after this court had indefinitely suspended Olson from the practice of law. The Director sent the complaint to the Hennepin County District Ethics Committee for investigation. Despite repeated requests from both the investigator and the Director's office, Olson failed to respond to the complaint or to cooperate in the investigation. Likewise, Olson failed to comply with the Director's request for his trust account books and records. The Director eventually received the trust account records from Olson's son who took over Olson's practice after his suspension.

The ethics investigation revealed that Bowser retained Olson in 1992 on a Social Security disability claim and a claim against a retail store and its security guards. Bowser agreed to pay Olson 25 percent or 33 percent on the claim against the store but Olson failed to enter into a written contingency fee agreement with Bowser regarding that claim in violation of Rule 1.5(c), Minn. R. Prof. Conduct. The retail store sent Olson a release, dismissal, and settlement draft on July 3, 1995 for $3,500. Bowser and Olson signed the draft on July 7, 1995 but Olson did not deposit the funds in his trust account. Olson made a partial disbursement from his business account of $1,000 to Bowser on July 17, 1995. In the spring of 1996, Bowser asked Olson where the rest of the money went and whether he would get any more. Olson told Bowser that he owed Olson for two advances Olson had made to him. Olson gave Bowser an advance of $350 from his business account on December 4, 1992, and, on the day they signed the settlement agreement, Olson gave Bowser a check for $356.02. Olson told Bowser he would not get any more funds from the settlement. The record does not reflect any further accounting of these settlement funds. Olson retained approximately $1,794 or 51 percent of the settlement. Olson also violated Rules 1.8(e) and 1.15(a), Minn. R. Prof. Conduct when he made advances to Bowser directly from Olson's general business account and when he failed to deposit the Bowser settlement funds in a trust account or properly account for the proceeds.

The second count of the petition contains several allegations involving Olson's conduct

after his suspension in 1996, including failure to comply with Rule 26, RLPR. Rule 26 requires suspended lawyers to notify clients of their suspension and to file proof of such notification with the Director's office within 15 days after the effective date of the court's order of suspension. On June 5, 1996, the Director's office filed an affidavit of noncompliance with this rule with the appellate court clerk's office, and provided due notice to Olson. Olson never filed the required affidavit of compliance.

More misconduct was revealed when the Director conducted an audit of Olson's trust account from January 1, 1995 through June 27, 1996. There were constant shortages in the trust account of between $3,400 and $13,000. Olson also commingled law firm and clients' funds by leaving earned fees and costs in the trust account and improperly removing funds from the trust account by writing checks to himself when no funds were due him in violation of Rules 8.4(c) and 1.15(a), Minn. R. Prof. Conduct. The audit also showed that Olson wrote and signed trust account checks after he had been suspended. Such conduct after a suspension violates Rule 5.5(a), Minn. R. Prof. Conduct. Finally, Olson did not make monthly trial balances of the subsidiary ledgers or reconciliations as required by Opinion 9 of the Lawyers Professional Responsibility Board. At the end of the audit period, there was a shortage in that trust account of $4,300. Olson's son has since repaid the shortage.

Because Olson is deemed to have admitted all of the allegations in the petition, the only issue before us is the appropriate discipline to be imposed.

The primary purpose of attorney discipline is protection of the public. In considering appropriate sanctions for misconduct, this court weighs the following factors: (1) the nature of the misconduct, (2) the cumulative weight of the disciplinary violations, (3) the harm to the public, and (4) the harm to the legal profession. Sanctions are imposed according to the unique facts of each case, but earlier cases are useful for drawing analogies.

*Olson I*, 545 N.W.2d at 37 (quoting *In re Walker*, 461 N.W.2d 219, 222 (Minn.1990)).

After considering the cumulative weight of Olson's pattern of misconduct, we conclude disbarment is warranted in this case.

We begin by noting that the petition involves misconduct that occurred shortly after this court had suspended Olson from the practice of law in 1996. An attorney's prior disciplinary history is relevant when determining sanctions. *In re Grzybek*, 567 N.W.2d 259, 262 (Minn.1997). "After a disciplinary proceeding, 'this court expects a renewed commitment to ethical and professional behavior,' and 'where leniency has been shown once, [this court] is reluctant to do so again.'" *Id.* (quoting *In re Haugen*, 543 N.W.2d 372, 375 (Minn.1996)) (further citations omitted). Olson has not exhibited a renewed commitment to ethical and professional behavior.

On the contrary, by his conduct, Olson has demonstrated a disregard and lack of respect for the legal profession in general and for the investigatory process specifically. Not only is Olson deemed to have admitted the misconduct, he has not made any effort whatsoever to cooperate with the Director in this matter. Lawyers who are under investigation for misconduct have a duty to cooperate. Rule 25, RLPR; Minn. R. Prof. Conduct, 8.1(a). Failure to cooperate with disciplinary authorities in and of itself is grounds for discipline. *Grzybek*, 567 N.W.2d at 263–64. In *Olson I*, we noted our distress with Olson's failure to comply with the Director's requests. 545 N.W.2d at 38. Nonetheless, despite a total of nine written and oral requests for a response to the initial investigation and the resulting petition in the present case, Olson failed to respond in any way. We regard as very serious Olson's pattern of noncooperation and noncompliance, which displays an obvious disregard for the professional rules of conduct and responsibility.

Olson's most serious misconduct, however, was his misappropriation of client funds. Misappropriation occurs whenever client funds are not kept in trust and are used for a purpose other than one specified by the client. Misappropriation of client funds is a serious violation of professional

responsibility which usually merits disbarment unless the attorney presents clear and convincing evidence of substantial mitigating circumstances to show that the attorney did not intentionally convert the funds. *In re Swerine,* 513 N.W.2d 463, 466 (Minn.1994). Olson wrote trust account checks to himself when no funds were due to him, distributed the funds of one client to another client, and wrote trust fund checks that resulted in an overdraft on the trust account. The trust account imbalances continued after the suspension and were never replenished by Olson, but rather by his son. Furthermore, Olson has not presented any mitigating circumstances.

 There is further justification for imposing disbarment on Olson. Olson ignored this court's specific instruction in *Olson I* that he notify his clients of his previous suspension as required by Rule 26, RLPR. Full and prompt compliance with this notice is not only a necessary prerequisite for reinstatement after suspension, it is required to uphold the integrity of the courts and legal profession and for the protection of clients and other persons. In addition, Olson failed to maintain proper trust account books and records, which by itself generally warrants suspension. *In re Swerine,* 513 N.W.2d at 466.

In sum, Olson's multiple disciplinary violations posed harm to his clients and also to the public and the legal profession. Accordingly, this court, having considered all of the facts and circumstances surrounding this matter, now orders that Rodney J. Olson is disbarred from the practice of law, effective immediately.

Disbarred.