In re Petition for DISCIPLINARY ACTION AGAINST David L. KRAKER, a Minnesota Attorney, Registration No. 57988.

No. A08–1435.

Supreme Court of Minnesota.

Sept. 17, 2008.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent David L. Kraker committed professional misconduct warranting public discipline, namely, neglect of three separate client matters, failure to communicate with these three clients and a fourth client, failure to reduce two fee agreements to writing upon collecting an advance fee payment, failure to deposit advance fee payments into a client trust account in two matters, and failure to promptly pay to the client as requested the funds in respondent's possession to which the client was entitled, in violation of Minn. R. Prof. Conduct (MRPC) 1.3, 1.4, 1.5(b), and 1.15(c)(4) and (5).

■ Respondent admits the allegations of the petition and waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR). Respondent has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand and two years of supervised probation.

■ Although this is the first time that respondent has been subject to public discipline, it is the sixth time that respondent has been disciplined for failing to diligently pursue client matters and for failing to communicate with clients. In addition, the most recent violations occurred while respondent was on private probation for failing to diligently pursue client matters and for failing to communicate with clients. "After a disciplinary proceeding, this court expects a renewed commitment to comprehensive ethical and professional behavior, and where leniency has been shown once, this court is reluctant to do so again." *In re De Rycke*, 707 N.W.2d 370, 375 (Minn. 2006) (citing *In re Grzybek*, 567 N.W.2d 259, 262 (Minn.1997)). It is evident that the discipline imposed upon respondent thus far, consisting of four admonitions under Rule 8(d)(2), RLPR, and private probation under Rule 8(d)(3), RLPR, has been inadequate to protect the public.

We therefore suspend respondent from the practice of law for a period of 90 days. We stay the suspension, publicly reprimand respondent, and place him on two years of supervised probation, subject to the following terms and conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks of the date of filing of this order, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as

respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with the inventory of client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall provide the supervisor with an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity (including correspondence and telephone calls concerning the representation), next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis. Respondent shall obtain signed written retainer agreements in all client matters. Should respondent fail to comply with the requirements of this paragraph

(e), the Director may submit a motion to this court seeking to impose the balance of respondent's suspension. Respondent shall be entitled to notice of the Director's motion and an opportunity to be heard.

f. Within 30 days from the date of filing of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent David L. Kraker is suspended from the practice of law for a period of 90 days, such suspension being stayed subject to the conditions set forth above. Respondent is hereby publicly reprimanded and placed on supervised probation for a period of two years, subject to the conditions set forth above. Respondent shall pay the sum of $900 in costs pursuant to Rule 24(a), RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice