In re Petition for Disciplinary Action against David J. GHERITY, an Attorney at Law of the State of Minnesota.

No. C5–87–1684.

Supreme Court of Minnesota.

May 23, 1988.

## ORDER

The Director of Lawyers Professional Responsibility filed a petition alleging that the respondent David J. Gherity had violated certain rules of professional conduct with respect to harassing and assaulting his former girlfriend, with being in violation of a court order and thereby in contempt of court, with acting indifference to legal obligation reflecting adversely on his fitness of a lawyer. Subsequently, following interposition of an answer in which the allegations were essentially admitted, the matter was submitted to a referee who made certain recommendations to this court. Following the filing of the findings of fact and recommendations from the referee, the Director and the respondent entered into a stipulation which essentially incorporated the recommendations of the referee. The court, having examined the petition, the answer, the findings and recommendations of the referee and the stipulation of the parties, NOW ORDERS:

1. That the respondent be placed on supervised public probation for the term of two years following the date of this order. The conditions of the probation shall be:

(a) At all times respondent shall obey all federal, state and local laws and ordinances and at all times he shall abide by the Minnesota Rules of Professional Conduct.

(b) That at no time shall he initiate any uninvited direct or indirect conduct with Sandra Charles or Douglas Dahm;

(c) That he shall forthwith obtain a comprehensive psychological evaluation after which a detailed report of the results of said evaluation shall be submitted to the Director of Lawyers Professional Responsibility;

(d) That he shall abide by and successfully complete all conditions of his criminal probation following from the order of the Fourth Judicial District Court on April 22, 1987, upon which the charge of violation of an order for protection stemming from his conduct on January 8, 1987, was continued for dismissal. Any disposition of that charge other than by dismissal shall be conclusive evidence of a violation of disciplinary probation.

(e) That he shall abide by and successfully complete all conditions of his criminal probation following from the order of the Fourth Judicial District Court on December 4, 1987, stemming from his conduct on March 28, 1987, and any disposition of that charge other than by dismissal would be conclusive of violation of disciplinary probation.

(f) That he shall cooperate fully with the supervising attorney and with the Director in demonstrating compliance with the probation and any investigation of allegations of unprofessional conduct arising during the term of

probation. Any admission by him or any further finding of unprofessional conduct shall be conclusive of violation of disciplinary probation.

(g) Subject to reasonable opportunity to be heard, the Director may petition the court for further disciplinary action of the respondent if the Director concludes that respondent has failed to comply with any condition of disciplinary probation.

2. Within 20 days from the date of this order, respondent shall nominate an attorney acceptable to the Director, or if he fails to do so, the Director may otherwise appoint an attorney who shall oversee respondent's compliance with the conditions of probation, and who shall file reports with the Director at such intervals as the Director may reasonably request.

3. That within 30 days from the date of this order, the respondent shall pay to the Director the sum of $750 in costs.