**In re Petition for DISCIPLINARY ACTION AGAINST David J. GHERITY, an Attorney at Law of the State of Minnesota.**

No. C5–87–1684.

Supreme Court of Minnesota.

Sept. 25, 1989.

## ORDER

By order dated May 23, 1988, this court placed the Respondent David J. Gherity on probation for two years. The discipline imposed at that time was based upon Respondent's harassment and assault on a former girlfriend, his violation of court orders for her protection, and his indifference to legal obligations reflecting adversely upon his fitness as a lawyer. Because of his bizarre and criminal conduct directed towards the former girlfriend, a condition of his probation was that he obtain a comprehensive psychological evaluation after which a detailed report of the result was to be submitted directly to the Director's office. Another condition of the probation was full cooperation with the supervising attorney and with the Director in substantiating compliance with the probation.

By further petition dated September 7, 1989, the Director alleged that the Respondent failed to comply with the conditions of probation, and in addition had failed to appear in court when ordered by a trial judge. The Director requested an extension of respondent's probation noting that the Respondent had been, in fact, practicing law while suspended for nonpayment of the attorney registration fee contrary to Rules 5.5(a) and 8.4(d), Minnesota Rules of Professional Conduct.

The same day, September 7, 1989, the Director and the Respondent entered into a stipulation for dispensing with referee hearing and for discipline. In that stipulation, the Respondent waived all procedural rights afforded him by Rule 14 of the Rules on Lawyers Professional Responsibility. He also admitted all allegations in the petition for extension of probation with respect to violation of a court order to appear in court, with respect to practicing while suspended for nonpayment of the attorney registration fee, and for failure to live up to requirements concerning a psychological evaluation, and to follow the recommendation of his psychiatrist. He likewise admitted that he had failed to have a probation supervisor appointed to monitor his practice until May 1989.

The Director and the Respondent in the stipulation join in recommending that appropriate discipline in this case is an extension of Respondent's probation until May 23, 1991, conditioned upon continuation in psychotherapy until discharged by his current therapist or until he has obtained a thorough psychiatric evaluation indicating that counseling is no longer needed, and conditioned likewise upon all of the other terms and conditions set out in this court's order dated May 23, 1988.

The court having considered the original petition, the original stipulation, the May 23, 1988, order placing respondent on probation, the September 7 petition for extension of public probation, and the September 7 stipulation for dispensing with referee hearing and for discipline, NOW ORDERS:

1. The Respondent is hereby publicly reprimanded.

2. The Respondent's public probation hereinbefore ordered on May 23, 1988, is hereby extended on the same terms and

conditions as contained in this court's order dated May 23, 1988.

3. During the course of the probation the Respondent shall continue with psychotherapy until discharged by his current therapist or until Respondent has obtained a thorough psychiatric evaluation indicating that counsel is no longer needed.