In re the Petition for DISCIPLINARY ACTION AGAINST David J. GHERITY, an Attorney at Law of the State of Minnesota.

No. C5–87–1684.

Supreme Court of Minnesota.

Jan. 2, 1991.

ORDER

On May 23, 1988, this court placed the respondent David J. Gherity on probation for 2 years. By order dated October 4, 1989, this court extended respondent's probation until May 23, 1991 because of some additional misconduct by respondent. Most recently, on November 16, 1990, the Director of the Lawyers Professional Responsibility Board filed a petition for disciplinary action with this Court alleging that respondent has committed additional professional misconduct. In this petition, the Director alleges the following: that respondent failed to appear for a pre-trial hearing on behalf of his client, Robert Koivula; that when Koivula discharged respondent, respondent failed to return the unearned portion of Koivula's retainer; and that, in January of 1990 respondent's misdemeanor criminal probation was extended until January 30, 1991, because of respondent's involvement in an altercation with two women which resulted in minor injuries to the women.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. In explanation and mitigation, the stipulation states the following: it has been more than 1 year since the conduct alleged in the petition occurred; respondent is and has been cooperative with both his criminal probation officer and the Director; respondent's criminal probation officer has confirmed that respondent is in full compliance with the terms of his misdemeanor criminal probation and has stated that she intends to recommend that the trial court reduce the level of respondent's supervision for the balance of respondent's probation; and respondent's psychologist has reported that respondent is cooperative, regular in his attendance at counseling, and, with supervision and continued counseling, is psychologically and emotionally fit to practice law. In consideration of the above, respondent and the Director join in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a modification of respondent's public probation in accordance with the terms contained in the stipulation.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the public probation of respondent, David J. Gherity, hereby is modified in accordance with the terms stated in paragraph 2 below, pursuant to Rule 15 of

the Rules on Lawyers Professional Responsibility.

2. That the modified terms of respondent's public probation are as follows:

a. Respondent shall abide by the probation terms contained in this court's October 4, 1989 and May 23, 1988 orders.

b. Respondent shall complete his representation of existing clients and thereafter shall not engage in solo practice without further order of the court.

c. Respondent shall pay to Robert Koivula a minimum of $25 per month until at least $500 of Koivula's retainer has been returned. If respondent retains any portion of Koivula's $1,000 retainer, respondent shall submit substantiation for any fees he retains as earned to the Hennepin County Fee Arbitration Committee, and respondent shall abide by that Committee's fee determination.

d. At any time on or after May 23, 1991, respondent may petition, pursuant to Rule 18, Rules on Lawyers Professional Responsibility, this court for an order terminating respondent's probation. It shall be respondent's burden at the reinstatement hearing to prove by clear and convincing evidence that he: (1) successfully has completed his criminal probation; (2) has complied with all the terms of this public probation; and (3) is psychologically fit to represent clients without supervision.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.