## In re LAWYERS PROFESSIONAL RESPONSIBILITY BOARD PANEL NO. 94–17.

### C7–95–1666.

Supreme Court of Minnesota.

May 2, 1996.

Michael J. McNamara, Henderson, Howard, Pawluk & McNamara, P.A., Brooklyn Center, pro se.

Craig Donald Klausing, St. Paul, for Lawyers Professional Responsibility Bd.

## OPINION

PER CURIAM.

In February of 1995, the Director of the Office of Lawyers Professional Responsibility (Director) issued appellant a private admoni-tion pursuant to Rule 8(d)(2), Rules on Lawyers Professional Responsibility (RLPR), concluding that appellant's conduct in charging a client for time spent defending an ethics complaint brought by the client violated Minn. R. Prof. Conduct 1.5(a) and 8.4(d). Appellant appealed the admonition, a hearing was held before a Lawyers Professional Responsibility Board Panel (LPRB Panel), and the LPRB Panel affirmed the admonition. Appellant then appealed the LPRB Panel's affirmance of the admonition to this court, arguing that the LPRB Panel's decision was not supported by clear and convincing evidence because: (1) the LPRB Panel determination was legally and factually insufficient; and (2) the corresponding fact-finding body of the State of Wisconsin found no basis for discipline. We affirm.

Appellant was admitted to practice law in Minnesota on May 22, 1981, and currently practices in Minneapolis, Minnesota. He is also licensed to practice law in Wisconsin. In December of 1993, K.M. contacted appellant seeking advice regarding a land purchase in Wisconsin. K.M. signed a retainer agreement on January 11, 1994, which provided for a retainer fee of $500. The retainer agreement indicated that the $500 fee was to be applied toward appellant's hourly charge and reimbursement of expenses advanced on K.M.'s behalf and did not represent the total cost of appellant's representation of K.M.

Appellant spent over seven hours working on K.M.'s file between January 6 and January 20, 1994, and sent K.M. a billing statement dated February 1, 1994, reflecting charges of $915 with a balance due of $415 after the $500 retainer was applied. K.M. initially refused to pay the balance, alleging an oral agreement that limited appellant's fees to $500. Appellant denied the existence of any oral agreement and continued to bill K.M.

Based on this fee dispute, K.M. filed ethics complaints with the Minnesota Office of Lawyers Professional Responsibility and its Wisconsin counterpart, the Board of Attorneys Professional Responsibility (Wisconsin Board). Both complaints were dismissed. On July 20, 1994, the Director determined

that discipline was not warranted, and on November 1, 1994, the Wisconsin Board sent appellant a letter stating, "the facts presented do not constitute a basis to find a violation of the Rules set forth by the Supreme Court." On July 29, 1994, K.M. paid appellant $425.50, the full sum demanded, which included interest.

On November 7, 1994, appellant wrote a letter to K.M. demanding that K.M. pay additional fees in the amount of $540.93. The letter stated:

> You should recognize that the billing statement balance due excludes any charge for my time in attempting to collect on the balance, which time included the many hours spent responding to your complaints to the three administrative bodies, and which time I am entitled to charge you for according to the express terms of our Retainer Agreement. If the above balance is not paid within 10 days of the date of this letter, I am going to add those attorney fee charges to the bill when it is turned out for collection. I estimate this will increase the collection amount by approximately $1,000.00, making the collection amount approximately $1,540.93 plus any additional interest.

While the letter says that the billing statement excluded any charges for time spent responding to the ethics complaints, in fact, the bill included $480 in charges for time appellant spent defending himself against the ethics complaint filed by K.M. with the Wisconsin Board.

As a result, K.M. made a second complaint to the Director and to the Wisconsin Board. On November 23, 1994, the Wisconsin Board wrote to appellant, informing him of K.M.'s second complaint. The Wisconsin Board's letter stated:

> Pursuant to SCR 21.03(4) and SCR 22.07(2), you have a professional obligation to provide a written response to a grievance filed against you. That obligation is one of the conditions for the privilege of practicing law. It is inappropriate, therefore, to bill a client/complainant for the time necessary to respond. As you can

well imagine, the filing of grievances would be chilled were an attorney able to bill for the cost of responding.

The letter also asked appellant to eliminate from the billing statement any amount charged for time spent responding to K.M.'s initial complaint.

On November 30, 1994, appellant wrote to the Director and the Wisconsin Board, claiming that the billing statement erroneously charged K.M. for time appellant spent responding to K.M.'s initial complaint due to an error with his firm's billing system. Appellant stated that the cover letter "at worst shows my intention not to charge for those services now but only if he did not pay the outstanding pre-termination balance." The letter also indicated that appellant would have "nothing more to do with [K.M.]."

The Director conducted an investigation and found that appellant's act of charging K.M. for time spent responding to the ethics complaint violated Minn. R. Prof. Conduct 1.5(a) (unreasonable fees) and 8.4(d) (conduct prejudicial to the administration of justice) and issued a private admonition to appellant. The record reflects that the Wisconsin Board took no further action against appellant after receiving the November 30 letter.

Two issues are presented for our review:

(1) Whether the conduct of appellant warrants the issuance of an admonition; and

(2) Whether this court should defer to Wisconsin's lack of disciplinary action with regard to appellant's conduct.

For this court to reverse the decision of the LPRB Panel, appellant must demonstrate that the LPRB Panel decision was clearly erroneous. *In re Charges of Unprofessional Conduct against MDK*, 534 N.W.2d 271, 272 (Minn.1995); *In re Admonition issued to X.Y.*, 529 N.W.2d 688, 689–90 (Minn. 1995).

Appellant contends that his conduct does not warrant the issuance of an admonition. We disagree. The November 7, 1994, cover letter and accompanying billing statement clearly signify appellant's intention to charge K.M. for time appellant spent re-

sponding to K.M.'s Wisconsin ethics complaint. While appellant gave an exculpatory explanation for the billing statement, the LPRB Panel was under no obligation to credit that explanation. *See In re Disciplinary Action against Getty*, 452 N.W.2d 694, 697 (Minn.1990). Charging a client for time spent responding to the client's ethics complaint is a violation of Minn. R. Prof. Conduct 1.5(a) and 8.4(d).

■ Further, appellant admits intending to charge K.M. for time spent responding to the ethics complaint in the event that K.M. did not pay the outstanding pre-termination balance. A threat to charge a client for time spent responding to ethics complaints has a chilling effect on the public's right to bring ethics charges and is therefore prejudicial to the administration of justice in violation of Minn. R. Prof. Conduct 8.4(d). *See Appeal of Admonition Regarding A.M.E.*, 533 N.W.2d 849, 851 (Minn.1995) (concluding that panel's determination that attorney's conduct violated Minn. R. Prof. Conduct 8.4(d) was not clearly erroneous where attorney's abusive language relating to an ethics complaint was intended to intimidate the complainant and constituted interference with the disciplinary process). In addition, attempting to charge any fee for time spent responding to a client's charge of unethical conduct is inherently unreasonable and violates Minn. R. Prof. Conduct 1.5(a), which provides that a lawyer's fee shall be reasonable.

Appellant also urges us to dismiss the admonition because the "conclusion of [the] Wisconsin Board * * * that [appellant's] conduct was ethical should be dispositive" of this case. We find this argument of appellant's offensive. It is offensive because the record is clear that the Wisconsin Board did not conclude that appellant's conduct was ethical. The Wisconsin Board, while stating in its November 23 letter that it was inappropriate to bill a client for time spent responding to the client's ethics complaint, simply took no further action against appellant after receiving the November 30 letter. Because the Wisconsin Board did not take any formal action on K.M.'s second complaint, we need not determine whether deference would be appropriate.

Affirmed.