In re Petition for DISCIPLINARY AC-
TION AGAINST David J. GHERITY, a
Minnesota Attorney, Registration No.
140181.

No. C5–87–1684.

Supreme Court of Minnesota.

Jan. 15, 2004.

Rehearing Denied Feb. 23, 2004.*

* Gilbert, J., took no part in the consideration of decision of this case.

Kenneth L. Jorgensen, Director, Betty M. Shaw, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for Petitioner.

David J. Gherity, Burnsville, MN, for Respondent.

## OPINION

PER CURIAM.

In this lawyer discipline case, we conclude that respondent David J. Gherity was not denied due process in the disciplinary proceedings and that the referee's findings of fact, and the conclusions drawn from those findings, are not clearly erroneous and are supported by the evidence. We also conclude that the appropriate discipline is indefinite suspension from the practice of law with no right to apply for reinstatement for a period of five years from date of this decision.

On June 20, 2001, Gherity was convicted in Hennepin County District Court of fifth-degree assault and disorderly conduct. He was sentenced to 90 days confinement, 75 days of which were stayed for one year on the conditions that he obtain a full chemical dependency evaluation, a mental health assessment, anger management counseling, and that he pay a fine and restitution and have no contact with the victims. The convictions, which were affirmed by the court of appeals, arose from an incident on October 29, 2000 in which Gherity assaulted his girlfriend by repeatedly kicking her in the hallway outside of her 26th floor apartment and when a neighbor attempted to intervene, Gherity also assaulted the neighbor by chasing him to the 26th floor balcony, forcing him against the railing with his hands around his throat, and then repeatedly punching him. *State v. Gherity*, No. C8–01–1086, 2002 WL 1837912 (Minn.App. Aug.13, 2002), *rev. denied* (Oct. 29, 2002).

As a result of Gherity's convictions in district court, the Director of the Office of Lawyer's Professional Responsibility filed a petition for disciplinary action, alleging that Gherity had engaged in professional misconduct in violation of Minn. R. Prof. Conduct 8.4(b)[1] and (d).[2] In the petition, the Director also requested revocation of the professional probation that had been imposed on Gherity for earlier professional misconduct violations. *See In re Gherity*, 464 N.W.2d 719, 720 (Minn.1991); *In re Gherity*, 446 N.W.2d 371, 371–72 (Minn.

---

1. Minn. R. Prof. Conduct 8.4(b) states, it is professional misconduct to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer."

2. Minn. R. Prof. Conduct 8.4(d) states, it is professional misconduct for an attorney to "engage in conduct that is prejudicial to the administration of justice"

1989); *In re Gherity*, 424 N.W.2d 63, 63 (Minn.1988).

At the evidentiary hearing before the referee, Gherity requested a continuance, claiming that counsel he retained had failed to appear, despite numerous reminders. The Director opposed the continuance, noting that the hearing date had been known for some time. The referee indicated that his court reporter's call to the counsel Gherity had earlier indicated he might retain had never been returned. Noting that counsel Gherity claimed to have retained had made no appearance in this matter and could not be reached at his office or by cell phone, the referee denied Gherity's requests for a continuance of the evidentiary hearing or, in the alternative, court-appointed counsel. The referee also denied Gherity's motion to dismiss the petition on grounds of investigatory misconduct by the Director's office. The Director presented evidence at the hearing of Gherity's June 2001 fifth-degree assault and disorderly conduct convictions, as well as evidence of Gherity's past disciplinary record. Gherity testified, offering his explanation of the incident that resulted in his convictions for fifth-degree assault and disorderly conduct, and also offering explanations for prior misconduct that resulted in earlier convictions and professional discipline. He also asserted that he suffered from depression and a head injury resulting from a motorcycle accident 12 years before. He asked that his depression and head injury be considered mitigating factors.

The referee found that Gherity's June 2001 convictions for fifth-degree assault and disorderly conduct constituted conclusive evidence of the conduct underlying those convictions and also conclusive evidence of professional misconduct in violation of Minn. R. Prof. Conduct 8.4(b) and (d). The referee also concluded that Gherity's convictions violated professional probation imposed on Gherity in 1988 for disciplinary violations and continued for subsequent violations and that Gherity's "extensive" prior discipline and criminal record constituted a "pattern of misconduct" and an aggravating factor. The referee also concluded that Gherity's "last minute" claims of depression and a head injury were not sufficiently developed to constitute mitigating factors. The referee recommended that Gherity be disbarred.

Gherity, who was admitted to practice on October 15, 1982, has been publicly disciplined on three prior occasions and privately admonished twice. He was on professional probation from 1988 until suspended from practice on March 13, 2003, pending resolution of this matter.

In 1988, Gherity was placed on professional probation for two years after acknowledging in a stipulation with the Director that he had been found guilty following trial of violating an order for protection and that he had pleaded guilty to a charge of disorderly conduct for an unrelated incident. *In re Gherity*, 424 N.W.2d at 63. In 1989, his professional probation was extended to May 1991 when, by stipulation with the Director, Gherity admitted that he had failed to pay his attorney registration fee, had arrived late for a court proceeding and had failed to follow the terms of the professional probation ordered by this court in 1988. *In re Gherity*, 446 N.W.2d at 371–72. In November 1990, following allegations by the Director that he had failed to appear for a pretrial hearing on behalf of a client, had failed to return an unearned portion of a retainer when discharged by a client, and was involved in an altercation which resulted in minor injuries to two women, Gherity, again by stipulation with the Director, admit-

ted the allegations and agreed to discipline which we subsequently ordered, modifying his professional probation and prohibiting him from practicing law unless he associated with attorneys accountable for Gherity's actions. *In re Gherity,* 464 N.W.2d at 719–20. The stipulation and our order allowed Gherity to petition for an order terminating his probation upon presentation of clear and convincing evidence that he had successfully completed his criminal probation, had complied with all terms of his professional probation, and was psychologically fit to represent clients without supervision. *Id.* Following further stipulation between Gherity and the Director, we issued an order on March 20, 1991, modifying the terms of Gherity's probation by allowing him to represent up to ten clients in his solo capacity. In 1992, Gherity received a private disciplinary admonition for filing an appeal without attaching a copy of the order appealed from and failing to correct the deficiency when requested by the clerk of appellate courts. In 1996, he again received a private disciplinary admonition for violating Minn. R. Prof. Conduct 4.4,[3] by threatening at a hearing to reveal an alleged affair between an opposing party and her former employer. Gherity never petitioned this court for an order terminating professional probation first imposed in 1988 and his probation remained in effect until March 13, 2003, when he was suspended from practice pending resolution of this matter.

## I.

■ We first address Gherity's claim that he has been denied due process in the disciplinary proceedings. While disciplinary proceedings are not encumbered by technical rules and formal requirements, this court observes due process in exercising disciplinary jurisdiction. *In re Gillard,* 271 N.W.2d 785, 808 (Minn.1978). The charges to which an attorney must answer need to be sufficiently clear and specific and the attorney must be afforded an opportunity to anticipate, prepare and present a defense. *Id.; In re Peterson,* 260 Minn. 339, 345, 110 N.W.2d 9 (1961).

Gherity claims that his due process rights were violated because he was not given timely notice that the Director would seek disbarment. According to Gherity, the Director only requested disbarment after Gherity refused to sign a stipulation for indefinite suspension at the preliminary hearing. Gherity points out that disbarment was not specifically requested in the Director's petition.

We have held that an attorney has a right to know the nature of the charges filed against him but we have never suggested that he has a due process right to know the exact discipline that will be requested by the Director following the evidentiary hearing. *See In re Peterson,* 260 Minn. at 345, 110 N.W.2d at 13 ("the charges of professional misconduct, though informal, should be sufficiently clear and definite * * * to afford the respondent an opportunity to prepare and present his defense"); *In re Rerat,* 232 Minn. 1, 4–5, 44 N.W.2d 273, 275 (1950) (discussing the importance of due process safeguards in attorney discipline cases). There is no dispute that Gherity had knowledge of the specific charges against him when he accepted service of the petition on May 8, 2002. The petition recited that the Director sought an order "revoking [Gherity's] probation, suspending [Gherity's] license to practice law or im-

---

**3.** Minn. R. Prof. Conduct 4.4 states, "a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person."

posing otherwise appropriate discipline." Our professional responsibility rules make clear that an attorney may be disbarred, suspended, placed on probation, reprimanded and/or required to pay costs upon conclusion of disciplinary proceedings. Rule 15(a), Rules on Lawyers Professional Responsibility (RLPR). We hold that even if the Director's petition in disciplinary proceedings does not specifically state that disbarment is the discipline the Director is seeking, the attorney's due process rights are not violated when the Director's petition states that "appropriate discipline" is requested and our rules of professional responsibility specifically include disbarment as a discipline where appropriate.

■ Gherity also argues that his due process rights were violated because his retained counsel did not attend the hearing nor assist him in preparation for the hearing. He claims that the referee improperly denied his request for a continuance and that the referee should have appointed counsel to represent him. We have rejected, however, the claim that an attorney facing disciplinary proceedings has the right to appointed counsel. *See In re Peters,* 332 N.W.2d 10, 17 (Minn.1983) (concluding no right to have counsel appointed because an action for discipline of an attorney is neither a criminal nor a civil procedure, but rather, an investigation by the court into the conduct of one of its own officers to determine his or her fitness to continue as a member of the profession). We conclude that Gherity's due process

rights were not violated by the referee's denial of Gherity's motion for a continuance of the hearing nor by the referee's denial of his request for appointed counsel.

■ Gherity also argues that his due process rights were violated because of investigatory misconduct by the Directors office. Gherity alleges that the Directors office improperly contacted his psychologist and co-workers in Arizona[4] and that the Director maintained ongoing contact with both the victim of the criminal assault and Gherity's former girlfriend. Gherity argues that the referee should have dismissed the petition because of misconduct by the Director's office. The Director asserts that the investigation was necessary and that the Director only disclosed information necessary to properly investigate the complaint and to prepare for the hearing. The Director is authorized by Rule 8(a), RLPR, to investigate claims of professional misconduct, and we conclude that Gherity's claim of investigatory misconduct has no evidentiary support and is without merit.

## II.

Gherity contends that the referee's findings and conclusions are clearly erroneous and are not supported by the evidence. He argues that the crimes of fifth-degree assault and disorderly conduct are not crimes of moral turpitude that warrant discipline under our rules of professional responsibility, statutes,[5] or case law. According to Gherity, because he was not convicted of felonies, there is no nexus

4. Gherity is not licensed to practice law in Arizona, but resided there from 2000–2002.

5. Gherity cites Minn.Stat. § 481.15 (2002), which provides grounds for the removal or suspension of an attorney. The discipline of an attorney, however, is for the judiciary to determine; attorney discipline is not controlled by the legislature. *See In re Great-*

*house,* 189 Minn. 51, 55, 248 N.W. 735, 737 (1933) ("It is well settled that a court which is authorized to admit attorneys has inherent jurisdiction to suspend or disbar them. This inherent power of the court cannot be defeated by the legislative or executive department. The removal or disbarment of an attorney is a judicial act.")

between his criminal conduct and his professional conduct as an attorney.

■ Allegations of professional misconduct must be proven by "full, clear and convincing evidence." *In re Ruhland,* 442 N.W.2d 783, 785 (Minn.1989). A referee's findings are not conclusive, but are subject to review on the record, where, as here, the hearing transcript is ordered. *In re Jensen,* 468 N.W.2d 541, 543–44 (Minn. 1991); Rule 14(e), RLPR. On review, this court will uphold a referee's factual findings, and the conclusions drawn from those findings, unless they are clearly erroneous. *In re Pyles,* 421 N.W.2d 321, 325 (Minn. 1988).

■ A lawyer's criminal conviction is conclusive evidence that the lawyer committed the conduct for which the lawyer was convicted. Rule 19(a), RLPR. It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects. Minn. R. Prof. Conduct 8.4(b). The comments to Minn. R. Prof. Conduct 8.4(b) provide that "offenses involving violence" are within this category and that "a pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." Minn. R. Prof. Conduct 8.4 cmts. We hold that the referee's factual findings and conclusions are not clearly erroneous and are supported by the evidence and that Gherity's 2001 convictions for fifth-degree assault and disorderly conduct constitute conclusive evidence of the violent misconduct underlying those convictions and that Gherity's violent misconduct, together with his prior discipline and criminal record, constitutes a pattern of misconduct and conclusive evidence of professional misconduct.

III.

■ We now consider the discipline that is appropriate. Gherity argues that the referees recommendation of disbarment is too severe and that the referee failed to consider mitigating factors such as Gherity's depression, head injury, and lack of disciplinary violations over several years.

■ In order to maintain public confidence in the legal profession, we will not hesitate to impose the strictest discipline available, including disbarment. *In re Larsen,* 459 N.W.2d 115, 120 (Minn. 1990) (disbarring an attorney for misappropriation of funds). In determining appropriate discipline, we consider (1) the nature of the misconduct, (2) the cumulative weight of the rule violations, (3) the harm to the public, and (4) the harm to the legal profession. *In re Terrazas,* 581 N.W.2d 841, 845 (Minn.1998); *In re Madsen,* 426 N.W.2d 434, 436 (Minn.1988). An attorney's prior disciplinary history is relevant when determining sanctions. *In re Grzybek,* 567 N.W.2d 259, 262 (Minn.1997) (citing *In re Haugen,* 543 N.W.2d 372, 375 (Minn.1996)). After a disciplinary proceeding, we expect "offenses involving to comprehensive ethical and professional behavior and where leniency has been shown once, this court is reluctant to do so again." *Id.*

■ We also consider mitigating and aggravating circumstances in the imposition of discipline. *In re Haugen,* 543 N.W.2d at 375. We agree with the referee that Gherity's lengthy disciplinary record and his failure to take responsibility for his actions are appropriate aggravating factors. *See In re Kaszynski,* 620 N.W.2d 708 (Minn.2001) (concluding that the refusal to acknowledge the wrongful nature of one's actions and instead portraying oneself as a victim and repeatedly casting blame on others was an aggravating factor); *In re Brehmer,* 620 N.W.2d 554, 562

(Minn.2001) (citing multiple acts of misconduct, that the misconduct continued over a period of time, and that the misconduct was of the same type of misconduct for which the attorney had been previously disciplined as aggravating factors).

 Gherity also challenges the referee's conclusion that his depression and head injury are not mitigating factors. An attorney who claims mental or physical disability as mitigating factors must present clear and convincing evidence that he has the disability, that the disability caused the misconduct, that he is undergoing treatment for the disability and making progress in recovery and that the recovery has halted the misconduct and that the misconduct is not likely to reoccur. *In re Albrecht,* 660 N.W.2d 790, 795 (Minn. 2003); *In re Weyhrich,* 339 N.W.2d 274, 279 (Minn.1983). Except for his own assertions, Gherity has not presented clear and convincing evidence of depression or a head injury, much less clear and convincing evidence that either depression or a head injury caused his misconduct. Also lacking is clear and convincing evidence of treatment for the disability or the prospect for recovery or that the treatment, if any, has halted the misconduct or that the misconduct is not likely to reoccur. We agree with the referee's conclusion that Gherity's claims of depression and a head injury were not sufficiently developed to constitute mitigating factors.

 To determine proper discipline for attorney misconduct, we are assisted by considering similar cases. *In re Klein,* 609 N.W.2d 230, 232 (Minn.2000). Prior cases with unique factual settings are helpful "only through analogy and the facts of each individual case must be carefully examined." *Id.* (quoting *In re Boyd,* 430 N.W.2d 663, 665 (Minn.1988)). While we afford great weight to the referee's recommendation of appropriate discipline, we re-

tain ultimate authority to determine the discipline that is appropriate. *Id.* at 233.

The referee recommends that Gherity be disbarred. We stop short of following that recommendation and instead, relying upon our prior decisions, order that Gherity be indefinitely suspended from the practice of law with no right to apply for reinstatement for a period of five years from the date of this decision. *See id.* at 234 (indefinitely suspending attorney with history of probation and disciplinary violations); *In re Engel,* 538 N.W.2d 906, 907 (Minn.1995) (indefinitely suspending attorney with prior disciplinary violations who failed to cooperate with investigations of Director).

We therefore order that David J. Gherity:

1. Be indefinitely suspended from the practice of law pursuant to Rule 15(a)(2), RLPR, with no right to apply for reinstatement for a period of five years from the date of this decision;

2. Comply fully with the requirements of Rule 18, RLPR, should he apply for reinstatement; and

3. Pay to the Director appropriate costs and disbursements pursuant to Rule 24, RLPR.

So ordered.

GILBERT, J., took no part in the consideration or decision of this case.