STATE OF MINNESOTA

IN SUPREME COURT

A15-0441

Original Jurisdiction                                                      Per Curiam
                                                            Took no part, Chutich, J.

In re Petition for Disciplinary Action against
Robert D. Stoneburner, a Minnesota Attorney,          Filed: July 13, 2016
Registration No. 0105909                              Office of Appellate Courts

_____

Susan Humiston, Director, Patrick R. Burns, First Assistant Director, Office of Lawyers Professional Responsibility, Saint Paul, Minnesota, for petitioner.

Eric T. Cooperstein, Law Office of Eric T. Cooperstein, PLLC, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

1.      The referee's conclusion that respondent's conduct did not violate Rule 8.4(b) of the Minnesota Rules of Professional Conduct is not clearly erroneous.

2.      The referee's conclusion that respondent's conduct in interfering with a 911 call did not violate Rule 8.4(d) of the Minnesota Rules of Professional Conduct is clearly erroneous.

3.      The appropriate discipline for respondent's misconduct is a public reprimand.

Public reprimand ordered.

1

O P I N I O N

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility (the Director) petitioned for disciplinary action against attorney Robert D. Stoneburner. The Director's petition alleges that Stoneburner violated Rules 8.4(b) and 8.4(d) of the Minnesota Rules of Professional Conduct (MRPC). We referred the matter to a referee and, following a hearing, the referee concluded that Stoneburner's conduct did not violate the rules and recommended that the Director's petition be dismissed in its entirety. The Director disputes the referee's conclusions and recommendation, arguing that Stoneburner's conduct violated the rules and that public discipline is warranted. On the disciplinary record before us, we cannot conclude that the referee's determination with regard to Rule 8.4(b) is clearly erroneous. However, we conclude that Stoneburner's conduct clearly violated Rule 8.4(d) and that a public reprimand is the appropriate discipline.

I.

Robert Stoneburner was admitted to practice law in Minnesota in April 1977. He has no previous record of professional misconduct. The Director's petition for disciplinary action in this case is based on two criminal offenses that Stoneburner committed on August 24, 2013.

2

That day, Stoneburner and his wife engaged in a heated argument.[1] The argument culminated with Stoneburner throwing a small "soft sided case" at his wife, which hit her in the leg. As Stoneburner's wife called 911, Stoneburner physically wrested the phone from her and hung it up. The 911 operator returned the call, and Stoneburner again hung up the phone. When the 911 operator called back a second time, Stoneburner answered and told the operator there was no emergency. Only when the operator requested to speak to his wife did Stoneburner hand over the telephone. At the referee hearing, Stoneburner testified that he interfered with the 911 call because he did not want to be arrested.

Stoneburner was charged in Stearns County with three crimes in connection with the incident: one count of gross misdemeanor interference with a 911 call, Minn. Stat. § 609.78, subd. 2(1) (2014); one count of misdemeanor domestic assault-fear, Minn. Stat. § 609.2242, subd. 1(1) (2014), and one count of misdemeanor domestic assault-harm, Minn. Stat. § 609.2242, subd. 1(2) (2014). Following trial, a jury found Stoneburner guilty of interfering with the 911 call and committing domestic assault-fear, but acquitted him of domestic assault-harm.

In January 2015 the Director brought charges of professional misconduct against Stoneburner based on his criminal convictions. After a panel found probable cause for public discipline, the Director filed a petition for disciplinary action, alleging that

---

[1] The only information in the disciplinary record concerning Stoneburner's criminal conduct comes from two sources: the probable cause statement in the criminal complaint and Stoneburner's testimony at the referee hearing.

3

Stoneburner's criminal acts violated Rules 8.4(b) and 8.4(d), MRPC. The matter was submitted to a referee for a hearing.

At the hearing, Stoneburner admitted the conduct described above, but argued that the conduct was mitigated by his remorse. Stoneburner also presented two witnesses: K.T., his legal assistant, and L.M., his daughter and former legal associate. Both witnesses testified that they had never observed Stoneburner to be violent or prone to anger during the course of his legal work.

Following the hearing, the referee issued findings of fact and conclusions of law. He concluded that Stoneburner's criminal acts did not violate either Rule 8.4(b) or Rule 8.4(d), and recommended that the Director's petition be dismissed in its entirety. The referee explained that his conclusions were based on our analysis in *In re Selmer*, 749 N.W.2d 30 (Minn. 2008), and *In re Hoffman*, 379 N.W.2d 514 (Minn. 1986), though the referee recognized that those cases "can certainly be distinguished because neither involved domestic abuse." The referee also noted that there were other Minnesota cases involving criminal convictions similar to Stoneburner's in which discipline had been imposed. However, the referee explained that "it appears that all [of the attorneys in those cases] have had a prior history of discipline, repeated offenses or have included more serious violations of the [criminal] code." By contrast, Stoneburner "had no same or similar offenses in the past" and no prior disciplinary history. The referee further found as a factual matter that Stoneburner's conduct had not harmed any of his clients.

The Director ordered a transcript of the hearing, and now challenges the referee's conclusion that Stoneburner's criminal acts did not violate the Minnesota Rules of

4

Professional Conduct. The Director asks us to determine that Stoneburner violated Rules 8.4(b) and 8.4(d), and impose discipline "of at least a public reprimand."

II.

In attorney discipline proceedings, the Director bears the burden of proving professional misconduct by clear and convincing evidence. *In re Walsh*, 872 N.W.2d 741, 747 (Minn. 2015). Establishing misconduct by clear and convincing evidence requires more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. *See In re Hogue*, 764 N.W.2d 328, 334 (Minn. 2009) (citing *Weber v. Anderson*, 269 N.W.2d 892, 895 (Minn. 1978)).

In this case, because the Director ordered a transcript of Stoneburner's hearing, the referee's findings and conclusions are not conclusive. Rule 14(e), Rules on Lawyers Professional Responsibility (RLPR). We review the referee's findings of fact and application of the law to the facts for clear error. *In re Fett*, 790 N.W.2d 840, 847 (Minn. 2010). We will conclude that the referee clearly erred if upon review of the record and the law we are left with the definite and firm conviction that a mistake has been made. *In re Ulanowski*, 800 N.W.2d 785, 793 (Minn. 2011).

A.

We turn first to the Director's contention that Stoneburner violated Rule 8.4(b), MRPC. Rule 8.4(b) provides that it is misconduct for an attorney to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." The Director argues that Stoneburner's criminal act of committing

5

domestic assault-fear[2] violates Rule 8.4(b) because it reflects adversely on his "fitness as a lawyer in other respects."[3]

The Director urges us to conclude that the referee's application of Rule 8.4(b) to Stoneburner's conduct was clearly erroneous because the comment to the rule states that criminal "offenses involving violence" are in the category of offenses that "indicate lack of those characteristics relevant to the practice of law." The Director points to a wide range of Minnesota statutes categorizing misdemeanor domestic assault-fear as a crime involving violence, *e.g.*, Minn. Stat. § 609.02, subd. 16 (2014), and argues that the fact that Stoneburner's crime involved violence is conclusive evidence that Rule 8.4(b) was violated.

However, in contrast to its language regarding crimes of dishonesty, the Rule does not provide that all criminal offenses involving violence, including misdemeanor offenses, necessarily constitute professional misconduct. Although lawyers are personally answerable to the criminal law for all of their conduct, they are professionally answerable for a narrower range of criminal acts that reflect adversely on the attorney's professional fitness. *See* Minn. R. Prof. Conduct 8.4 cmt. [2]. Of course, whether a criminal offense involves violence is relevant—but not necessarily dispositive—to the

---

[2]   A criminal conviction is "conclusive evidence that the lawyer committed the conduct for which the lawyer was convicted." Rule 19(a), RLPR.

[3]   At oral argument, the Director argued for the first time that Stoneburner's act of domestic assault reflects adversely on Stoneburner's trustworthiness, because an individual who commits domestic assault violates a familial bond of trust. Because this argument was not raised before the referee or in the Director's brief, it is not properly before us, and we decline to address it. *See State v. Lopez*, 587 N.W.2d 26, 27 n.1 (Minn. 1998).

determination of whether the criminal act reflects adversely on a lawyer's ability to practice law.

In considering whether Stoneburner's specific criminal act of domestic assault-fear violated Rule 8.4(b), the referee found it significant that: (1) Stoneburner's conduct was not related to his practice of law and did not harm any of his clients; (2) he had no previous record of criminal conduct; and (3) the specific conduct for which he was convicted was simply less violent than the acts committed by other attorneys whom we have disciplined for criminal assaults. *See*, *e.g.*, *In re Gherity*, 673 N.W.2d 474, 480 (Minn. 2004). These considerations are appropriate when evaluating whether an attorney's conduct violates the prohibition in Rule 8.4(b) on criminal acts that reflect adversely on an attorney's fitness *as a lawyer*. *See Gherity*, 673 N.W.2d at 480 (concluding that criminal offenses violated Rule 8.4(b) when considered "together with [the attorney's] prior discipline and criminal record"); *cf.* Rule 8.4(h), MRPC (providing that determining whether an illegal discriminatory act "reflects adversely on a lawyer's fitness as a lawyer" requires "consideration of all the circumstances, including: (1) the seriousness of the act . . . (3) whether the act was part of a pattern of prohibited conduct, and (4) whether the act was committed in connection with the lawyer's professional activities").[4]

---

[4]    A lack of prior criminal history is relevant to the Rule 8.4(b) determination, particularly when misdemeanor offenses are at issue, because "[a] pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation" and reflect adversely on a lawyer's fitness to practice. Minn. R. Prof. Conduct Rule 8.4 cmt. [2].

The Director does not dispute that Stoneburner's conduct did not harm any clients and was unrelated to the practice of law. Nor does the Director contend that Stoneburner has a history of criminal acts indicating "an indifference to legal obligation." *See* Minn. R. Prof. Conduct Rule 8.4 cmt. [2]. Further, the referee properly noted that this case does not involve an allegation that Stoneburner's acts—although unquestionably condemnable—caused physical harm to his victim. This case, then, is different from those in which we have imposed discipline for misdemeanor assaults.

We do not minimize the seriousness of domestic assault offenses, nor imply that an attorney who commits misdemeanor domestic assault cannot thereby violate Rule 8.4(b). Rather, we hold that the referee's determination that the Director did not carry her burden to prove a violation of Rule 8.4(b) by clear and convincing evidence in this case is not clearly erroneous.

### B.

The Director also challenges the referee's conclusion that Stoneburner did not violate Rule 8.4(d), MRPC, when he committed the gross misdemeanor offense of interfering with his wife's 911 call. Rule 8.4(d) provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice."

In concluding that Stoneburner did not violate Rule 8.4(d), the referee applied the same analysis as he did with regard to Rule 8.4(b), finding it significant that Stoneburner had no previous criminal history and that the criminal act was not related to the practice of law. The referee also relied on our decision in *In re Hoffman*, 379 N.W.2d 514 (Minn.

8

1986), in which we concluded that an attorney's act of fleeing police in a motor vehicle, which resulted in a gross misdemeanor conviction, did not warrant professional discipline.

The referee's conclusion on this issue was clearly erroneous. The undisputed evidence convinces us that Stoneburner's acts were prejudicial to the administration of justice. The 911 telephone system is one of the most important gateways to our system of criminal justice. As the Legislature has recognized, interference with an emergency call is a crime against a vital government service. *See* Minn. Stat. § 609.78, subd. 2(1). Interference delays a crime victim's right to aid, confuses first responders, undermines the State's ability to investigate and prosecute violent crime, and needlessly consumes criminal justice resources. An attorney should never act to prevent a victim's access to the criminal justice system, especially by the use of force or coercion.

In this case, Stoneburner used force and coercion to hinder his wife's access to aid. He took the telephone from her to prevent her from reporting the assault. He compounded the interference by preventing his wife from answering the operator's return call. When the operator called again, Stoneburner attempted to mislead the operator for the purpose of avoiding arrest. His conduct was clearly prejudicial to the administration of justice. *See In re Torgerson*, 870 N.W.2d 602, 611 (Minn. 2015) (noting that Rule 8.4(d) is meant to address conduct when "the harm in question is to the administration of justice itself") (internal quotation marks omitted).

Unlike in the context of Rule 8.4(b), the lack of a connection between Stoneburner's act and the practice of law is not relevant to whether he violated Rule

8.4(d). Nor is his lack of a prior criminal record relevant to a violation of Rule 8.4(d). Rule 8.4(d) prohibits prejudice to the administration of justice, whether the misconduct occurs inside or outside one's law office and regardless of any prior history of such acts.

In response, Stoneburner points to our decision in *Hoffman*, upon which the referee relied. In that case, without elaborating on the facts, we deemed gross misdemeanor flight from a police officer to be an "isolated incident" such that the criminal sanctions already imposed were "appropriate punishment." 379 N.W.2d at 519. The opinion is unclear as to whether we chose not to discipline the attorney because his conduct did not violate the rules or, alternatively, because there was no reason to add discipline to the 3-month suspension we imposed for Hoffman's other misconduct. Regardless, we additionally distinguish *Hoffman* because this case involves both an individual victim and a misleading statement to a 911 operator.

Accordingly, Stoneburner violated Rule 8.4(d) when he interfered with his wife's 911 call and the referee clearly erred in concluding otherwise.[5]

### III.

Having concluded that Stoneburner committed professional misconduct by violating Rule 8.4(d), we must decide the appropriate discipline to impose. We are the " 'sole arbiter' of the discipline to be imposed for professional misconduct by Minnesota lawyers," *In re Albrecht*, 845 N.W.2d 184, 191 (Minn. 2014), and "we retain ultimate

---

[5] The Director argues that Stoneburner's criminal act of interfering with a 911 call reflects adversely on his fitness to practice law and thereby also violates Rule 8.4(b). For the same reasons we discussed above in connection with the domestic assault-fear conviction, we do not disturb the referee's conclusion on Rule 8.4(b) because it was not clearly erroneous.

10

responsibility for determining appropriate discipline." *In re Montez*, 812 N.W.2d 58, 66 (Minn. 2012).

We impose attorney discipline to deter future misconduct, both by the attorney subject to discipline and by other lawyers. *Albrecht*, 845 N.W.2d at 191. In determining the appropriate discipline to impose, we consider four factors: (1) the nature of the misconduct, (2) the cumulative weight of the violations, (3) the harm to the public, and (4) the harm to the legal profession. *Id.* We also consider the discipline imposed in previous similar cases and any aggravating or mitigating factors[6] present. *Id.*

In examining the nature of Stoneburner's conduct in violating Rule 8.4(d), we note that his conduct was not related to the practice of law and did not harm any of his clients. *See In re Glasser*, 831 N.W.2d 644, 648 (Minn. 2013). However, Stoneburner violated his special duty as an attorney to ensure that justice is done, and he did so to avoid arrest and prosecution.

When considering the cumulative weight of misconduct, we distinguish "a brief lapse in judgment or a single, isolated incident" from "multiple instances of mis[conduct] occurring over a substantial amount of time." *In re Severson*, 860 N.W.2d 658, 673 (Minn. 2015). Here, Stoneburner's sole rule violation took place over the course of just a few minutes.

---

[6] Before the referee, Stoneburner argued that his remorse should be considered a mitigating factor, whereas the Director argued that Stoneburner's lack of remorse was an aggravating factor. The referee did not make any finding regarding Stoneburner's remorse. Because the parties raised this issue, the referee's failure to make any finding constitutes clear error. *In re Tigue*, 843 N.W.2d 583, 588 (Minn. 2014). Because we conclude that the presence or absence of remorse would not alter the appropriate discipline, we need not address it further.

In assessing the harm to the public caused by misconduct, we consider "the number of [persons] harmed and the extent of the [persons'] injuries." *In re Voss*, 830 N.W.2d 867, 878 (Minn. 2013). We have also noted that "[b]y its nature, conduct that is detrimental to the administration of justice harms the public," because it increases the public costs of administering justice. *In re Rymanowski*, 809 N.W.2d 217, 225 (Minn. 2012). But there is no allegation that Stoneburner's act increased the cost of apprehending him or increased the difficulty of prosecuting him.

Finally, misconduct that "undermine[s] the public's confidence in the ability of attorneys to abide by the rule of law" harms the legal profession. *In re Brost*, 850 N.W.2d 699, 704 (Minn. 2014). Stoneburner's conviction for a gross misdemeanor criminal offense that impeded the administration of justice harmed the reputation of the legal profession. *See Rymanowski*, 809 N.W.2d at 225 ("By its nature, conduct that is detrimental to the administration of justice harms . . . the legal profession.").

Turning to the discipline we have imposed in other cases, we have "typically imposed suspensions or public reprimands for criminal conduct unrelated to the practice of law." *In re Farley*, 771 N.W.2d 857, 864 (Minn. 2009). Stoneburner, however, argues that the appropriate discipline for any misconduct he committed is a private admonition. Rules 8(d)(2) and 9(j)(1)(iii), RLPR, provide that if the Director or a Panel conclude that the attorney engaged in "isolated and non[-]serious" misconduct, the appropriate sanction for the Director or Panel to impose is a private admonition.

In this case, we cannot conclude that a private admonition is sufficient discipline. Stoneburner's misconduct in violating Rule 8.4(d) substantially differs from previous

12

cases in which we have determined that the violations warranted only private discipline. *See In re Panel No. 94-17*, 546 N.W.2d 744, 747 (Minn. 1996) (holding that an attorney violated Rule 8.4(d) by threatening to bill a client for time spent responding to an ethics complaint); *In re A.M.E.*, 533 N.W.2d 849, 850-51 (Minn. 1995) (concluding that an attorney violated Rule 8.4(d) by making a profane phone call and sending a derogatory fax to a complainant in an attempt to interfere with the disciplinary process). In neither *94-17* nor *A.M.E.* did the attorney's conduct constitute a criminal offense, and the misconduct at issue in both of those cases was less serious than in this case. Nor is this case similar to *In re Panel File 98-26*, 597 N.W.2d 563, 568 (Minn. 1999), in which we concluded that, although the attorney committed serious misconduct, a private admonition was sufficient. In that case, we concluded that the misconduct "did not stem from any malicious intent" and recognized that the misconduct was accompanied by immediate affirmative actions on the part of the attorney to mitigate the consequences. *Id.* at 568-69. Here, those factors are not present, and we decline to take the extraordinary step of ordering a private admonition for misconduct that we consider serious. Attorneys licensed in this state must understand that their obligation to support the administration of justice is fundamental, and that even isolated acts that directly impede it may warrant public discipline. Thus, we conclude that the appropriate discipline is a public reprimand.

Accordingly, we order that:

1. Respondent Robert D. Stoneburner is publicly reprimanded.

2. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

13

CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.